ANDREWS, Judge.
This is an interlocutory appeal taken by the defendants individually and as members and as constituting the Florida Board of Parks and Historic Memorials, and Robert L. Heath, from an Order denying motions to strike and dismiss the complaint of William J. Bolte, et al.
Plaintiffs allege that the defendant Park Board entered into agreement with the defendant Heath whereby the latter was permitted to construct and operate a miniature sightseeing railroad in the Hugh Taylor Birch State Park in Ft. Lauderdale, and that the operation of such railroad constituted a violation of certain conditions of the deed by which Mr. Birch conveyed the title to said property to the State.
The complaint further alleges that the plaintiffs are “adults, residents, citizens, electors and taxpayers of Broward County, and most of them own land situated adjacent to or in the vicinity of Birch Park.” Then there is an allegation that “the cause is of common or general interest to all of the residents, citizens, electors and taxpayers of Broward County, who as such constitute a class authorized to bring such an action.”
The defendants moved to dismiss the complaint on the grounds that the plaintiffs failed to allege facts showing that they suffered any special injury and that, therefore, they had no standing to maintain suit. Ashe v. City of Boca Raton, Fla.App.1961, 133 So.2d 122; Guernsey v. Haley, Fla.App. 1958, 107 So.2d 184. The trial judge denied the motion.
On appeal the plaintiffs, citing 39 Am.Jur., Parks, Squares and Playgrounds §§ 18, 19, contend that the mere fact that they own property adjacent to and abutting on the park gives them sufficient standing. We do not agree. No case has been cited by the appellee, nor have we been able to find one, which allows a party to maintain-an action under such circumstances.
In Ruge v. Apalachicola Oyster Canning & Fish Co., 1889, 25 Fla. 656, 6 So. 489, the Florida Supreme Court held that:
“* * * the owner of lots adjacent to a square dedicated to public use could maintain a bill in equity [against the aldermen of the City of Apalachicola] to restrain the diversion of the square to any private use inconsistent with the purpose for which it was dedicated, if by stick diversion the value of the lots will be injuriously affected.1’ (Emphasis supplied.)
And in Town of Flagler Beach v. Green,, Fla.1955, 83 So.2d 598, the plaintiffs, who-were adjacent property owners, were required to show an injury different in kind from that experienced by the community generally. The plaintiffs in the instant case-have not sufficiently alleged facts which would show that they have suffered a special injury, and the trial court should have-granted the defendants’ motion to dismiss..
We also have for consideration the failure of the court to strike from the complaint all references to the personal and' individual liability of members of the Park Board. It is a general rule that members, of an administrative board acting within its jurisdiction, in the absence of bad faith, malice or corrupt motives, are not personally liable for errors or mistakes committed in the exercise of their honest judgment and discretion. 3 Davis, Administra- *626 tivc Law, §§ 26.01 and 26.05; 2 Am.Jur. 2d, Administrative Law, §§ 799, 800. In view of the fact that the complaint does not allege any grounds which subject said Board members to personal liability or that the Board acted without jurisdiction, the trial court should have granted the defendants’ motion to strike those portions of the complaint.
Accordingly, the order is reversed, and the trial court is directed to grant the defendants’ motion to dismiss, with leave to file an amended complaint.
Reversed, with directions.
SMITH, C. J., and ALLEN, J., concur.