PER CURIAM.
This is an appeal from an order dismissing a petition for writ of certiorari presented to the Circuit Court, Ninth Judicial Circuit for Orange County, by which petitioners, appellants here, sought to have reviewed the adoption by the City Council, City of Orlando, of certain zoning regulations affecting a parcel of land recently annexed to the city.
At the outset we find ourselves compelled to treat, more seriously than counsel have treated the matter, a point regarding jurisdiction over the subject matter. The petition presented to the circuit court does not identify either petitioner as having been affected, directly or indirectly, by the acts concerning which complaint is made.
In granting respondents’ motion to dismiss the lower court dealt with the problem thus:
“First question raised regarding said Petition is whether the Petition shows the interest of Petitioners or the right of Petitioners to question the validity of said ordinance. Said Petition does not state whether Petitioners are residents, property owners, voters of the City of Orlando, nor whether they own property adjacent to the property, the subject of the above described ordinance, nor is anything recited about said Petitioners except their names. The Court, therefore, finds that said Petition is defective and should be dismissed.
“The question then arises as to whether said Petition is amendable. Counsel for Petitioners states in his Memorandum, submitted February 21, 1966, that he is making application for a common law i.Writ of Certiorari and is not proceeding under any statute. The Court has some doubt as to whether the ordinance in question can be attacked in this way. However, assuming that the validity of the ordinance can be tested in this way, and further assuming that the Petition for Certiorari is amendable and also assuming that the Petitioners have an interest which authorizes them to bring this proceeding, and the Court makes these assumptions in order to reach the real question involved here, the Court is of the opinion that the Motion to Dismiss must be granted.”
The court proceeded to dismiss the petition on other grounds.
No amendments were filed, and we have no idea, of course, what might have been shown had amendments been filed. We are governed, not by what might be shown, but what is in fact shown by the record now before this court.
 The record shows no right of the petitioners to bring the suit. See 39 Am. Jur., Parties, § 10; Brown v. Florida Chautauqua Ass’n, 1910, 59 Fla. 447, 52 So. 802; Town of Surfside v. Skyline Terrace Corp., Fla.App.1960, 120 So.2d 20.
This left the circuit court with lack of jurisdiction over the subject matter. See 20 Am.Jur.2d, Courts, § 105.
Jurisdiction over the subject matter of litigation cannot be conferred by consent. Otherwise, the court would soon find itself serving frequently in an advisory capacity to many citizens having only academic interests in questions of law. It is fundamental that courts may not so function.
*683 The fact that the lower court dismissed the petition on other grounds is of no consequence.
Affirmed.
WALDEN, C. J., CROSS, J., and WHITE, JOSEPH S., Associate Judge, concur.