269 So.2d 696 (1972)
Reubin O'd. ASKEW, Governor, et al., As and Constituting the Department of Natural Resources, and Restaurant Associates Industries, Inc., Appellants,
v.
HOLD THE BULKHEAD-SAVE OUR BAYS, INC., a Non-Profit Florida Corporation, and Christy Payne, Jr., Appellees.
No. 71-728.
District Court of Appeal of Florida, Second District.
July 28, 1972.
Rehearing Denied December 13, 1972.
*697 Dale Price, and Dewey A. Dye, Jr., of Dye, Dye, Smith, Cleary & Scott, Bradenton, and Jack W. Pierce, Tallahassee, for appellants.
William E. Robertson of Robertson, Robertson, Walker & Diez, Sarasota, for appellees.
McNULTY, Judge.
We are here concerned with "standing" to seek enforcement of the testamentary intent of the donor of a public park.
Oscar Scherer State Park was donated to the state under the will of Elsa Scherer Burrows. Specifically, the land was devised "for public recreation and as a wild life sanctuary." The state has begun construction of various improvements designed to develop camping and restaurant facilities in the park, and appellees seek to enjoin the state from going through with such construction alleging that such construction would substantially destroy the park as a wild life sanctuary in breach of the public trust. The trial judge permitted the individual appellee, Payne, to remain in the action but dismissed Hold The Bulkheads-Save Our Bays, Inc. as having no "standing." This interlocutory appeal followed. We affirm as to Hold The Bulkheads-Save Our Bays, Inc. but reverse for failure to dismiss appellee Payne.
Neither of appellees has alleged or shown that one or the other of them will suffer a special injury or that either has a special interest in the outcome of this action. In order to maintain this kind of action, absent a sufficient predicate to a proper class suit (and there is no such predicate here), it is well settled that a plaintiff must allege that his injury would be different in degree and kind from that suffered by the community at large.[1] If it were otherwise there would be no end to potential litigation against a given defendant, whether he be a public official or otherwise, brought by individuals or residents, all possessed of the same general interest, since none of them would be bound by res judicata as a result of prior suits; and as against public authorities, they may be intolerably hampered in the performance of their duties and have little time for anything but the interminable litigation.[2]
Notwithstanding the foregoing as a general rule, appellees argue in this case that standing was conferred on them by express provision of the will, to-wit:
"... my executors, administrators, residuary devisees and my and their heirs, successors and assigns as well as any resident taxpayer of Florida and the Attorney General of Florida shall always have the right to enforce said conditions or enjoin their violation by *698 appropriate proceedings... ." (Emphasis supplied)
They contend that in accepting the devise the state is now estopped from denying standing and from giving effect to this provision. We disagree.
In the first place, estoppel does not ordinarily operate against the state.[3] There are exceptions, to be sure, and appellees cite two cases[4] in support of their contention that an exception should be made here. Each of these cases, however, involves an attempted subsequent denial by the state that it had title at a time when it nonetheless gave a deed ostensibly conveying title. The state was, of course, estopped from denying its having had title at the time of the conveyance; but the situation in those cases is clearly distinguishable from that here. There, the action of the state in deeding the property was equivalent of an affirmative declaration that they held title and such affirmative action went to the very essence of the transaction then in contemplation, to-wit, the transferring of such title. Here appellees seek to estop the state simply on an implied acceptance by the state of the express provisions of the afore-quoted provision of the will which, even if expressly accepted, would not necessarily confer standing to sue in every and any case. More particularly, it certainly couldn't be said to authorize every resident taxpayer to sue in a non-class action for a non-special injury or for relief not otherwise available to the public at large. Accordingly, we cannot accept the argument that the passive action by the state in merely accepting the general devise is the equivalent (sufficient to support estoppel) of an affirmative acceptance of the granting of special standing to bring this type of an action. Especially ought we not do so when such acceptance, even if conceded, did not relate to the essence of the transaction, i.e., the acceptance of the devise to be used pursuant to the paramount testamentary intent.
Finally, we observe, that even if we were to agree that acceptance of the devise must also be taken as an affirmative acceptance of every provision of the will, this would not be effectual to confer standing upon appellees by "consent." Standing has been equated with jurisdiction of the subject matter of litigation and has been held subject to the same rules, one of which is that jurisdiction of the subject matter (thus standing to bring suit) cannot be conferred by consent.[5]
In view of the foregoing, therefore, that portion of the order appealed from dismissing Hold The Bulkheads-Save Our Bays, Inc. is affirmed; and that portion of the order denying the motion to dismiss appellee Payne should be, and it is hereby, reversed.
Affirmed in part, reversed in part.
LILES, A.C.J., and DAYTON, ORVILLE L., Jr., (Ret.), Associate Judge, concur.
NOTES
[1] See, e.g., Town of Flagler Beach v. Green (Fla. 1955), 83 So.2d 598; Henry L. Doherty & Co., Inc. v. Joachin (Fla. 1941), 200 So. 238; Smith v. Bolte (Fla. App. 1965), 172 So.2d 624; and Ashe v. City of Boca Raton (Fla.App. 1961), 133 So.2d 122.
[2] We again exclude from this rationale a proper "class action."
[3] See, Bryant v. Peppe (Fla. 1970), 238 So.2d 836; North American Company v. Green (Fla. 1959), 120 So.2d 603; and Greenhut Const. Co. v. Henry A. Knott, Inc. (Fla.App. 1971), 247 So.2d 517.
[4] Trustees of Internal Improvement Fund v. Lobean (Fla. 1961), 127 So.2d 98 and Trustees of Internal Improvement Fund v. Claughton (Fla. 1956), 86 So.2d 775.
[5] See, Silver Star Citizen's Committee v. City Council of Orlando (Fla.App. 1967), 194 So.2d 681 and Guernsey v. Haley (Fla.App. 1958), 107 So.2d 184.