OTT, Judge.
Pursuant to the authority and requirement of existing ordinances the Environmental Development Commission [EDC] of the City of St. Petersburg proceeded to a public hearing on the appellee’s application for a zoning variance. There were no appearances before the EDC in opposition to the appellee’s application, although due notice had been given thereof. Two weeks later, the EDC met in executive session to sift the evidence and render a decision. A member of the North Shore Neighborhood Association [NSNA] appeared at the executive session to request a delay in voting until the NSNA could study the application. When asked if the NSNA had formed an opinion which they would like to express at the meeting, the NSNA representative replied that they “had not been advised enough to take it into consideration.” “Their request,” according to their representative, “was to be given time to study it.”
At no time did the NSNA register an objection to the appellee’s application or advance any grounds for its denial.
The EDC proceeded to approve the appel-lee’s application.
*120 The NSNA then undertook an appeal to the City Council from this decision of the EDC pursuant to Article IV-A, Section 64.-22.1(B)(3)(e) which reads as follows:
Appeal procedures. A decision of the Commission resulting from action taken under the power granted by this section may be appealed to the City Council. Such appeal shall be accompanied by a fee of [$30] and filed with the Clerk of the City Council within [30] days of the Commission’s action and shall clearly state the decision or decisions appealed from and the basis for the appeal.
Appellee objected to the City Council entertaining or considering the appeal of the NSNA. The City Council overruled appel-lee’s objection and refused to dismiss the appeal.
Appellee thereupon promptly applied to the lower court for its writ of certiorari, which issued in due course. The City of St. Petersburg has appealed to this court.
We agree with the lower court that where the ordinance is silent as to who may appeal:
It is fundamental that a party litigant must object in an administrative hearing in order to properly under law perfect the right of appeal to a higher administrative tribunal.
Consideration of such 'an appeal without an objection being lodged before the initial administrative body thereby permitting that body to have an opportunity to pass upon the grounds raised in the appeal constitutes a departure from the essential and fundamental requirements of law.
See Orlando Transit Co. v. Florida Railroad & Public Utilities Commission, 160 Fla. 795, 37 So.2d 321 (1948).
We therefore affirm the lower court in the issuance of its writ of certiorari without prejudice, however, to the right of the City of St. Petersburg to amend its ordinances so as to properly authorize such civic or citizen organizations as the NSNA to be heard in the decision making process of city government. The holding of the lower court suggests that the city is prohibited from so doing and in this we disagree. The case of Silver Star Citizens’ Committee v. City Council of Orlando, 194 So.2d 681 (Fla. 4th DCA 1967) deals with the standing of parties before the courts of this state and should not be construed as limiting a city of this state as to those it may properly choose to hear.
As modified or clarified herein the lower court is affirmed.
GRIMES, Acting C. J., and McNULTY, JOSEPH P. (Ret.), Associate Judge, concur.