422 So.2d 351 (1982)
Ed R. WILSON, D/B/a Select Tomato, Appellant,
v.
Grady PRUETTE, Appellee.
No. 82-838.
District Court of Appeal of Florida, Second District.
November 24, 1982.
*352 John Larson Lund, Fort Myers, for appellant.
Paul J. Martin of Boardman & Martin, P.A., Immokalee, for appellee.
SCHEB, Judge.
Plaintiff/appellee brought suit to recover payment for goods sold and delivered. Defendant/appellant answered, denying that a sale of goods had taken place and raising as an affirmative defense that the goods were consigned, rather than sold, by plaintiff to defendant.
Plaintiff moved for summary judgment and filed an affidavit in support of his motion stating that he sold defendant the goods described in the invoices attached to his complaint and affidavit. Plaintiff's affidavit, however, did not negative the defendant's affirmative defense of consignment. Defendant, on the other hand, filed an opposing affidavit specifically supporting his affirmative defense. The trial court entered summary judgment in favor of plaintiff for $7,948 and costs. Defendant filed this appeal. We reverse.
Florida Rule of Civil Procedure 1.510 allows entry of a summary judgment if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. The movant has the burden of establishing that no genuine issue of material fact exists. Jones v. Stoutenburgh, 91 So.2d 299 (Fla. 1956). Once an affirmative defense is raised, the movant has the additional burden of either disproving or establishing the legal insufficiency of the affirmative defense. Stewart v. Gore, 314 So.2d 10 (Fla. 2d DCA 1975).
As a sale was claimed by plaintiff, and consignment was alleged as an affirmative defense, plaintiff had to negative that defense in order to justify entry of a summary judgment. Neither the plaintiff's affidavit nor the invoices he submitted refuted the defense of consignment. The defendant raised and supported a defense which created a material issue of fact. Therefore, summary judgment was improper.
Accordingly, we vacate the summary judgment and remand this case for further proceedings.
OTT, C.J., and HOBSON, J., concur.