597 So.2d 809 (1992)
SUNSHINE VISTAS HOMEOWNERS ASSOCIATION, a Florida not-for-profit corporation, Appellant,
v.
Louis CARUANA, an individual, and Townsend Construction Corporation, a Florida corporation, Appellees.
No. 91-2203.
District Court of Appeal of Florida, Third District.
January 28, 1992.
On Motion for Rehearing and Motion to Certify Question of Great Public Importance May 5, 1992.
Sterns Weaver Miller Weissler Alhadeff & Sitterson and John K. Shubin, Miami, for appellant.
Blackwell & Walker and Angela C. Flowers, Miami, for appellees.
*810 Before SCHWARTZ, C.J., and BASKIN and GODERICH, JJ.
PER CURIAM.
The plaintiff, Sunshine Vistas Homeowners' Association [homeowners' association], appeals from a final summary judgment entered in favor of the defendants, Townsend Construction Corporation [Townsend] and Louis Caruana. We affirm.
The facts in the instant case are undisputed. In June 1990, Townsend purchased Lots 16 and 17 of Block 5 in the Sunshine Vistas subdivision. Sunshine Vistas' plat was filed on April 28, 1925. The 1925 plat contains several use restrictions, including a setback restriction which the homeowners' association is seeking to have enforced.
The homeowners' association filed suit seeking a declaratory judgment that the defendants have violated the setback restriction contained in Sunshine Vistas' plat. The defendants filed a motion for summary judgment arguing that the plat restrictions have been extinguished under the Florida Marketable Record Title Act [the Act]. Specifically, the defendants argued that under the Act, since the plat restrictions were created prior to Townsend's root of title and none of the muniments of title in Townsend's chain of title make specific reference to the plat restrictions, the restrictions have been extinguished.
Townsend's root of title begins with a warranty deed dated October 6, 1951, from John H. Heuer and Helen L. Heuer, his wife, to James D. Pasco, Jr. The deed describes the property by its legal description which makes reference to the Sunshine Vistas plat. Additionally, the deed states that "[t]his conveyance is given subject to covenants and restrictions of record." The next warranty deed in the chain of title, dated December 2, 1977, is from Pasco to David Block. This deed also describes the property by reference to the Sunshine Vistas plat. Additionally, the warranty deed states that it is subject to "limitations, restrictions and easements of record." The final warranty deed in the chain of title, dated June 29, 1990, is from David Block joined by his wife Sandra K. Ashton Block to Townsend Construction Corporation. As in the other two deeds, the property is described by reference to the Sunshine Vistas plat. However, this deed is not made subject to restrictions of record.
The trial court granted the defendants' motion for summary judgment holding that "none of the muniments of Defendant Townsend Construction Corporation's root of title contains a sufficiently specific reference to the recorded plat to allow the plat restrictions to survive the effect of the Florida Marketable Record Title Act. In reaching this conclusion, the Court has considered that Ch. 712, Florida Statutes, is to be liberally contrued [sic] to effect the legislative purpose of simplifying and facilitating land title transactions."
The homeowners' association contends that the trial court erred in holding that the Act has the effect of extinguishing the use restrictions contained in Sunshine Vistas' plat. We disagree.
The express purpose of the Act is to simplify and facilitate "land title transactions by allowing persons to rely on record title as described in s. 712.02 subject only to such limitations as appear in s. 712.03." Section 712.10, Fla. Stat. (1989). Section 712.02, Florida Statutes (1989), "in effect provides that when any person and his predecessors in title have had an estate in land of record for thirty years or more, that person has a marketable record title free and clear of all claims except matters set forth in the exceptions in section 712.03." Cunningham v. Haley, 501 So.2d 649, 651 (Fla. 5th DCA 1986). Section 712.03, Florida Statutes (1989), provides in pertinent part as follows:
Exceptions to marketability.  Such marketable record title shall not affect or extinguish the following rights:
(1) Estates or interests, easements and use restrictions disclosed by and defects inherent in the muniments of title on *811 which said estate is based beginning with the root of title; provided, however, that a general reference in any of such muniments to easements, use restrictions or other interests created prior to the root of title shall not be sufficient to preserve them unless specific identification by reference to book and page of record or by name of recorded plat be made therein to a recorded title transaction which imposed, transferred or continued such easement, use restrictions or other interests; ...
Section 712.02, Fla. Stat. (1989).
Pursuant to Section 712.03, use restrictions which were created prior to the root of title are not preserved unless a muniment of title in the chain of title specifically discloses the restriction or a general reference to the restriction is identified "by reference to book and page of record or by name of recorded plat be made therein to a recorded title transaction which imposed, transferred or continued such ... use restriction." Section 712.03, Fla. Stat. (1989). In the instant case, two of the muniments of title in Townsend's chain of title were made subject to restrictions of record. This general reference to restrictions of record failed to identify the restrictions by the record title transaction which imposed, transferred or continued the use restrictions, as required by Section 712.03. Therefore, the restrictions contained in Sunshine Vistas' plat were not preserved.
Accordingly, we affirm.

ON MOTION FOR REHEARING AND MOTION TO CERTIFY QUESTION OF GREAT PUBLIC IMPORTANCE
PER CURIAM.
We deny the motion for rehearing, but grant the motion to certify a question of great public importance. This court's opinion that was released on January 28, 1992, is amended to add the following question as one of great public importance:
WHETHER THE FLORIDA MARKETABLE RECORD TITLE ACT HAS THE EFFECT OF EXTINGUISHING A PLAT RESTRICTION WHICH WAS CREATED PRIOR TO THE ROOT OF TITLE WHERE THE MUNIMENTS OF TITLE IN THE CHAIN OF TITLE DESCRIBE THE PROPERTY BY ITS LEGAL DESCRIPTION WHICH MAKES REFERENCE TO THE PLAT AND THE MUNIMENTS OF TITLE STATE THAT THE CONVEYANCE IS GIVEN SUBJECT TO COVENANTS AND RESTRICTIONS OF RECORD.
Rehearing denied; question certified.
BASKIN and GODERICH, JJ., concur.
SCHWARTZ, Chief Judge (dissenting).
With only certain narrowly defined exceptions, the District Courts of Appeal are, for better or worse, the courts of last resort in Florida. We therefore should not and, indeed, may not pass the buck to the supreme court merely because a particular case is difficult or one of first impression. See Sunshine Meadows Condominium Assoc., Inc. v. Bank One, Dayton, N.A., 599 So.2d 1004, 1009, n. 1 (Fla. 4th DCA 1992) (Farmer, J., dissenting). The constitution permits this to be done only if the decision "passes upon a question ... of great public importance." Art. V, § 3(b)(4), Fla. Const.[1] As the question framed by the majority itself clearly demonstrates, the issue involved here  while perhaps interesting and certainly arguable  is of no concern, let alone of great importance, to anyone but the litigants and an abstractor or two. The public as a whole could not care less. I cannot agree that the burning issue of what language in a subsequent conveyance is required to save the restrictions in an ancient plat from *812 the Marketable Record Title Act justifies the certification of this case.
NOTES
[1] It will simply not do to say that an issue is of "great public importance" just because, for reasons which may be worthy but are not reflected in the constitution, it is thought that the supreme court should hear the case. The end does not justify the means even in questions of appellate review.