604 So.2d 569 (1992)
The BOARD OF TRUSTEES OF The INTERNAL IMPROVEMENT TRUST FUND, Appellant,
v.
C.G. SCHINDLER, Jr. and L. Brett White, As Trustee, Appellees.
No. 91-02711.
District Court of Appeal of Florida, Second District.
August 28, 1992.
Nona R. Schaffner, Tallahassee, for appellant.
Lee S. Damsker of Maney, Damsker & Arledge, P.A., Tampa, for appellees.
RYDER, Acting Chief Judge.
We have for review a nonfinal order of partial summary judgment as to the liability of the Board of Trustees of the Internal Improvement Trust Fund (the Board) in this taking case. We reverse.
Appellees brought an action against the Board and the Department of Environmental Regulation (DER) for the alleged inverse condemnation of a parcel of property located in Indian Rocks Beach, Pinellas County, adjacent to the intracoastal waterway. The property consists of 1.65 acres of uplands and 1.85 acres of wetlands.
Shortly after purchasing the property in 1974, appellees' predecessors in title applied for a permit to bulkhead and fill the 1.85 acres of submerged land. That permit application was denied by DER and the denial was upheld by the Board on November 10, 1976. The denial of the permit was affirmed by the First District Court of Appeal. Albrecht v. State, 353 So.2d 883 (Fla. 1st DCA 1977), cert. denied, 359 So.2d 1210 (Fla. 1978). This present action was commenced after the permit denial was upheld on appeal.
Appellees moved for partial summary judgement on the issue of liability against the Board and DER. In the motion for partial summary judgment, appellees claim that as a result of the Board's affirmance of DER's denial of their application to bulkhead and fill the submerged portion of the subject property, that the 1.85 acres of submerged property has no economically reasonable use. The trial court granted appellees' motion for partial summary judgment, without making any findings of fact.
In its answer to appellees' second amended complaint, the Board asserted several affirmative defenses. The Board contends on appeal that the trial court erred in entering summary judgment against it without addressing the affirmative defenses raised. We agree.
*570 "In order for a plaintiff to obtain a summary judgment when the defendant asserts affirmative defenses, the plaintiff must either disprove those defenses by evidence or establish the legal insufficiency of the defenses." Howdeshell v. First National Bank of Clearwater, 369 So.2d 432, 433 (Fla. 2d DCA 1979). See also Wilson v. Pruette, 422 So.2d 351, 352 (Fla. 2d DCA 1982) ("[o]nce an affirmative defense is raised, the movant has the additional burden of either disproving or establishing the legal insufficiency of the affirmative defense"). In this case, appellees, in their motion for partial summary judgment, merely acknowledge the existence of the Board's affirmative defenses, but failed to disprove them or establish their legal insufficiency. We hold that it was error for the trial court to enter partial summary judgment for appellees without addressing the Board's affirmative defenses.
The Board's affirmative defenses regarding immunity and failure to state a cause of action most certainly raise questions of fact precluding summary judgment here. See Anderson v. Rosetree Village Association, Inc., 540 So.2d 173 (Fla. 2d DCA 1989) (failure to controvert affirmative defense or establish its legal insufficiency requires reversal of summary judgment; if record raises even slightest doubt that issue of fact might exist, summary judgment is improper). See also Falls At Naples, Ltd. v. Barnett Bank of Naples, N.A., 603 So.2d 100, (Fla. 2d DCA 1992).
Under Smith v. Bolte, 172 So.2d 624 (Fla. 2d DCA 1965), the Board is not liable in civil actions for errors or mistakes committed in the exercise of its discretion. The Board is no longer a part of the process involving permit approval or denial, but instead sits in an appellate review capacity. In this case, specifically, the Board sat in its review capacity and under Smith, we have serious doubts that appellees can state a cause of action against the Board. If appellees cannot state a cause of action, the case against the Board should be dismissed. At the very least, however, the trial court must consider the affirmative defenses and rule on them prior to the entry of a summary judgment.
The partial summary judgment is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.
Reversed and remanded.
DANAHY and BLUE, JJ., concur.