623 So.2d 490 (1993)
SUNSHINE VISTAS HOMEOWNERS ASSOCIATION, etc., Petitioner,
v.
Louis CARUANA, etc., et al., Respondents.
No. 79981.
Supreme Court of Florida.
September 2, 1993.
John K. Shubin, Shubin & Bellas, P.A., Miami, FL, for petitioner.
James E. Tribble, Blackwell & Walker, P.A., Miami, FL, for respondents.
*491 R. Norwood Gay, III, Gen. Counsel, Attys.' Title Ins. Fund, Inc., Orlando, FL, amicus curiae.
SHAW, Justice.
We review Sunshine Vistas Homeowners Ass'n v. Caruana, 597 So.2d 809, 811 (Fla. 3d DCA 1992), in which the district court certified the following question:
WHETHER THE FLORIDA MARKETABLE RECORD TITLE ACT HAS THE EFFECT OF EXTINGUISHING A PLAT RESTRICTION WHICH WAS CREATED PRIOR TO THE ROOT OF TITLE[[1]] WHERE THE MUNIMENTS OF TITLE[[2]] IN THE CHAIN OF TITLE DESCRIBE THE PROPERTY BY ITS LEGAL DESCRIPTION WHICH MAKES REFERENCE TO THE PLAT AND THE MUNIMENTS OF TITLE STATE THAT THE CONVEYANCE IS GIVEN SUBJECT TO COVENANTS AND RESTRICTIONS OF RECORD.
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Townsend Construction Corporation (Townsend) bought a parcel of property in the Sunshine Vistas subdivision of Coconut Grove in 1990 and, with Caruana, began constructing a building thereon. The Sunshine Vistas subdivision plat, filed in 1925, contains a setback restriction which the Sunshine Vistas Homeowners' Association (Homeowners) seek to enforce through a declaratory judgment action.
The Marketable Record Titles to Real Property Act (act) is intended to simplify and facilitate land title transactions "by allowing persons to rely on a record title ... subject only to such limitations as appear in [section] 712.03[, Florida Statutes (1989)]." § 712.10, Fla. Stat. (1989). The act provides that a person "vested with any estate in land of record for 30 years or more" has "a marketable record title ... free and clear of all claims" except claims preserved by section 712.03. Section 712.02, Fla. Stat. (1989). Townsend and Caruana argue that the act extinguishes the setback restriction because it is not specifically identified in the muniments of title beginning with the root of title. Homeowners argue that the muniments make the specific identification that section 712.03 requires and thus the restriction is preserved. The trial court granted and the district court affirmed summary judgment in favor of Townsend and Caruana.
We quash the result below and answer the question in the negative. Section 712.03 provides:
Exceptions to marketability.  Such marketable record title shall not affect or extinguish the following rights:
(1) Estates or interests, easements and use restrictions disclosed by and defects inherent in the muniments of title on which said estate is based beginning with the root of title; provided, however, that a general reference in any of such muniments to easements, use restrictions or other interests created prior to the root of title shall not be sufficient to preserve them unless specific identification by reference to book and page of record or by name of recorded plat be made therein to a recorded title transaction which imposed, transferred or continued such easement, use restrictions or other interests... .
(Emphasis added.) Thus, a thirty-one-year-old restriction is preserved if the root of title or a subsequent muniment contains a "specific identification" to a recorded title transaction that imposed, transferred, or continued the restriction. Id. The "specific identification" to the title transaction can be made in one of two ways: (1) by reference to the book *492 and page in the public records where the title transaction that imposed the restriction can be found, or (2) by reference to the name of a recorded plat that imposed the restriction. Id.
Townsend's root of title is a 1951 deed conveying the property from Mr. and Mrs. Heurer to Mr. Pasco. It describes the property conveyed as follows:
Lots sixteen (16) and seventeen (17), in block five (5), of SUNSHINE VISTAS, according to the plat thereof recorded in Plat Book 16, at page 29, of the Public Records of Dade County, Florida. This conveyance is given subject to covenants and restrictions of record and subject to taxes for 1951 and subsequent years.
The 1977 muniment, a deed from Mr. Pasco to Mr. Block, thus describes the property conveyed:
Lots 16 and 17 in Block 5 of SUNSHINE VISTAS, according to the Plat thereof, as recorded in Plat Book 16 at Page 29, of the Public Records of Dade County, Florida. SUBJECT TO: limitations, restrictions and easements of record, if any, applicable zoning ordinances and regulations and taxes for the year 1978 and subsequent years.
The 1990 muniment, a deed from Mr. and Mrs. Block to Townsend Construction Corporation, describes the property conveyed:
Lots 16 and 17 in Block 5 of SUNSHINE VISTAS, according to the Plat thereof, as recorded in Plat Book 16 at Page 29, of the Public Records of Dade County, Florida.
Each of these muniments makes reference to SUNSHINE VISTAS  the name of the recorded plat that imposed the restriction. The use restriction at issue here thus is preserved by these muniments. We therefore disagree with the courts below that the setback restriction is extinguished by the act. To so hold effectively reads out of section 712.03(1) the words: "unless specific identification by reference to ... name of recorded plat be made therein"; we lack the power to delete words from the statute.[3]
This result is consistent with case law prior and subsequent to the act: reference to a plat in the description of a deed incorporates the plat's terms. Wahrendorff v. Moore, 93 So.2d 720 (Fla. 1957); Crenshaw v. Holzberg, 503 So.2d 1275 (Fla. 2d DCA), review denied, 511 So.2d 998 (Fla. 1987); Lawyers Title Guar. Fund v. Milgo Elecs., 318 So.2d 416 (Fla. 3d DCA 1975), cert. denied, 336 So.2d 602 (Fla. 1976); Zwakhals v. Senft, 206 So.2d 62 (Fla. 4th DCA 1968); Spencer v. Wiegert, 117 So.2d 221 (Fla. 2d DCA 1959), cert. denied, 122 So.2d 406 (Fla. 1960); Mexico Beach Corp. v. St. Joe Paper Co., 97 So.2d 708 (Fla. 1st DCA 1957). There is no indication that the legislature intended to depart from the prior law regarding plats  a reference to a plat preserves restrictions in the plat. Cf. David P. Catsman, Function of a Marketable Title Act, 34 Fla.B.J. 139 (1960) (discussing, as co-chairman of the Marketable Title Act Committee of the Real Property, Probate and Trust Law Section of The Florida Bar, the drafting of Florida's act).
We accordingly quash the decision below, answer the question in the negative, and remand for consistent proceedings.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] "`Root of title' means any title transaction purporting to create or transfer the estate claimed by any person and which is the last title transaction to have been recorded at least 30 years prior to the time when marketability is being determined. The effective date of the root of title is the date on which it was recorded." § 712.01(2), Fla. Stat. (1989). "The document with which an abstract of title properly commences." Black's Law Dictionary 1330 (6th ed. 1990).
[2] "Muniments of title" is defined thus: "Documentary evidence of title. The instruments of writing and written evidences which the owner of lands, possessions, or inheritances has, by which [one] is entitled to defend the title... ." Black's Law Dictionary 1019 (6th ed. 1990).
[3] Indeed, one scholar takes the position that restrictive covenants in recorded plats are preserved by the "inherent in the muniments" language of the Model Marketable Title Act, on which Florida's act is based. See Walter E. Barnett, Marketable Title Acts  Panacea or Pandemonium?, 53 Cornell L.Rev. 45, 74-75 (1967) (discussing "accidental" preservation of restrictive covenants when plat is identified in describing the land conveyed); see also David P. Catsman, Function of a Marketable Title Act, 34 Fla. B.J. 139 (1960) (discussing the drafting of Florida's act).