643 So.2d 112 (1994)
Anthony R. MARTIN, Appellant,
v.
TOWN OF PALM BEACH, County of Palm Beach, et al., Appellees.
No. 94-1150.
District Court of Appeal of Florida, Fourth District.
October 7, 1994.
Anthony R. Martin, Palm Beach, pro se.
John C. Randolph of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for appellee Town of Palm Beach.
*113 No appearance, for appellee County of Palm Beach.
G.N. DIAMANTIS, Associate Judge.
Anthony R. Martin appeals the final judgment entered in favor of the Town of Palm Beach which denied Martin's request for an injunction to prevent the Town from constructing a fire station on property originally conveyed for public recreational use. We affirm.
The facts of this case are not in dispute. In 1948 the Phipps family devised real property to Palm Beach County. The deed provided in part that the conveyed premises were to be used only as a "public park and public bathing beach and recreational area... and for no other purpose." Although the 1948 deed did not contain a reverter clause, it did provide that this recreational use restriction "runs with the land in perpetuity and upon any breach or threatened breach thereof, the Grantor, its successors or assigns, or any person being a resident of Palm Beach County, Florida, may bring any appropriate action therefor."
Nine years later, in October 1957, Palm Beach County conveyed the property to the Town of Palm Beach. This 1957 deed did not reiterate the specific restrictive public recreation language of the 1948 deed, but instead provided that the conveyance was "subject to easements, covenants, limitations, reservations and restrictions of record."
At the time of the 1948 conveyance, a caretaker's shack existed on the property. In 1964, the shack was expanded to a fire station complex and then expanded again in 1979. The Town now seeks to replace the old fire station with a new one on a different site within the same property. The new proposed fire station will constitute approximately 1.7 percent of the approximately 714,000 square feet of the property.
In an effort to prevent construction of this new fire station, Martin, a resident of Palm Beach County, sued the Town seeking enforcement of the 1948 deed restriction. The trial court denied injunctive relief relying upon section 712.04 of the Marketable Record Titles to Real Property Act (MRTA). See § 712.04, Fla. Stat. (1993).[1] Although we agree with the trial court's conclusion that application of MRTA effectively extinguishes the 1948 deed restrictions, we base our decision to affirm the final judgment upon sections 712.02 and 712.03 of MRTA.[2]
Before discussing the MRTA issues, we address an issue which the Town raised for the first time at oral argument; namely, that Martin does not have the requisite standing to seek enforcement of the 1948 deed restrictions because he has not shown that he will suffer a special injury or that he has a special interest in the outcome of this action. See Askew v. Hold the Bulkhead-Save Our Bays, Inc., 269 So.2d 696 (Fla. 2d DCA 1972).[3] Although the Town raised the *114 defense that Martin lacked standing in its answer, the record reflects that the Town failed to pursue this defense any further, and the Town did not raise this matter in a cross-appeal or in its appellate brief. Accordingly, the Town failed to properly preserve this issue for appellate review and, therefore, we decline to issue a ruling on the claim that Martin lacks standing to pursue this action. See Krivanek v. Take Back Tampa Political Committee, 625 So.2d 840, 842 (Fla. 1993) (defense of lack of standing can be waived), cert. denied, ___ U.S. ___, 114 S.Ct. 1538, 128 L.Ed.2d 191 (1994).
MRTA was enacted to simplify and facilitate land title transactions "by allowing persons to rely on a record title as described in s. 712.02 [Florida Statutes (1993)] subject only to such limitations as appear in s. 712.03 [Florida Statutes (1993)]." MRTA must "be liberally construed to effect [this] legislative purpose." § 712.10, Fla. Stat. (1993).
Section 712.02[4] provides that, when a record owner, alone or with its predecessors in title, has been vested with an estate in land of record for 30 years or more, such owner has marketable title free and clear of all claims except matters preserved by section 712.03. Section 712.03 provides in pertinent part:
712.03 Exceptions to marketability.  Such marketable record title shall not affect or extinguish the following rights:
(1) Estates or interests, easements and use restrictions disclosed by and defects inherent in the muniments of title on which said estate is based beginning with the root of title; provided, however, that a general reference in any of such muniments to easements, use restrictions or other interests created prior to the root of title shall not be sufficient to preserve them unless specific identification by reference to book and page of record or by name of recorded plat be made therein to a recorded title transaction which imposed, transferred or continued such easement, use restrictions or other interests... .
§ 712.03(1), Fla. Stat. (1993).
Thus, pursuant to section 712.03(1), the use restrictions created prior to the 1957 deed (the Town's root of title)[5] are extinguished by section 712.02 unless the use restrictions are disclosed and specifically identified in any muniment of title.[6]See Cunningham v. Haley, 501 So.2d 649, 652 (Fla. 5th DCA 1986). Here, the 1957 deed is the *115 root of title, as well as the only muniment of title, because there have been no further conveyances of the subject property since 1957. Importantly, the 1957 deed does not contain the use restriction set forth in the 1948 deed, but instead only generally states that the conveyance is subject to easements, covenants, limitations, reservations, and restrictions of record. Because this language fails to comport with the requirements of section 712.03(1), the use restriction contained in the 1948 deed has not been preserved.[7]
Our conclusion in this case is consistent with the court's rationale in Sunshine Vistas Homeowners Ass'n v. Caruana, 623 So.2d 490 (Fla. 1993). In that case, the court held that a restriction is preserved if the root of title or a subsequent muniment of title contains a "specific identification" to a recorded title transaction that imposed, transferred, or continued the restriction. Caruana, 623 So.2d at 491. The court noted that a specific identification to the title transaction can be made in one of two ways: "(1) by reference to the book and page in the public records where the title transaction that imposed the restriction can be found, or (2) by reference to the name of a recorded plat that imposed the restriction." Id. at 491-92. In that case, because each of the relevant muniments of title made reference to the recorded plat that imposed the restriction, the court held that the restrictions had been properly preserved. In contrast, here Martin does not contend that the plat referenced in the 1957 deed imposed the use restrictions contained in the 1948 deed.
Accordingly, we affirm the trial court's final judgment denying Martin's claim for injunctive relief.[8]
AFFIRMED.
HARRIS, C.M. and GRIFFIN, J.R., Associate Judges, concur.
NOTES
[1] The trial court also denied the injunctive relief on other grounds, including a finding that the Town's use of the property for a fire station and paramedic facility is not contrary to the terms of the 1948 deed.
[2] If the result reached by the trial court is proper on any theory, this court must affirm. See Rivello v. Cooper City, 322 So.2d 602, 608 n. 3 (Fla. 4th DCA 1975).
[3] In Askew, Oscar Scherer State Park was donated to the state under the will of Elsa Scherer Burrows, who devised the land "for public recreation and as a wild life sanctuary." The state had begun construction of various improvements designed to develop camping and restaurant facilities in the park when appellees sought to enjoin the construction, alleging that it would substantially destroy the park as a wildlife sanctuary. Appellees argued that standing was conferred on them by the express provision of the will that "my executors, administrators, residuary devisees and my and their heirs, successors and assigns as well as any resident taxpayer of Florida and the Attorney General of Florida shall always have the right to enforce said conditions or enjoin their violation by appropriate proceedings." Askew, 269 So.2d at 697-98 (emphasis in original). The trial judge permitted an individual appellee, Payne, to remain in the action, but dismissed Hold the Bulkhead-Save Our Bays for lack of standing. On appeal, the second district affirmed the ruling as to Hold the Bulkhead-Save Our Bays, but reversed the trial court's failure to dismiss Payne:

Neither of appellees has alleged or shown that one or the other of them will suffer a special injury or that either has a special interest in the outcome of this action. In order to maintain this kind of action, absent a sufficient predicate to a proper class suit (and there is no such predicate here), it is well settled that a plaintiff must allege that his injury would be different in degree and kind from that suffered by the community at large. If it were otherwise there would be no end to potential litigation against a given defendant, whether he be a public official or otherwise, brought by individuals or residents, all possessed of the same general interest, since none of them would be bound by res judicata as a result of prior suits; and as against public authorities, they may be intolerably hampered in the performance of their duties and have little time for anything but the interminable litigation.
Askew, 269 So.2d at 697 (emphasis in original; footnotes omitted). See also United States Steel Corp. v. Save Sand Key, Inc., 303 So.2d 9 (Fla. 1974); Town of Flagler Beach v. Green, 83 So.2d 598 (Fla. 1955); White v. Metropolitan Dade County, 563 So.2d 117 (Fla. 3d DCA 1990); Smith v. Bolte, 172 So.2d 624 (Fla. 2d DCA 1965); Guernsey v. Haley, 107 So.2d 184 (Fla. 2d DCA 1958).
[4] Section 712.02 provides:

712.02 Marketable record title; suspension of applicability.  Any person having the legal capacity to own land in this state, who, alone or together with his predecessors in title, has been vested with any estate in land of record for 30 years or more, shall have a marketable record title to such estate in said land, which shall be free and clear of all claims except the matters set forth as exceptions to marketability in s. 712.03... .
§ 712.02, Fla. Stat. (1993).
[5] Section 712.01(2), Florida Statutes (1993), defines "root of title" as "any title transaction purporting to create or transfer the estate claimed by any person and which is the last title transaction to have been recorded at least 30 years prior to the time when marketability is being determined."
[6] "Muniments of title" are "instruments of writing and written evidences which the owner of lands, possessions, or inheritances has, by which [one] is entitled to defend the title." Sunshine Vistas Homeowners Ass'n v. Caruana, 623 So.2d 490, 491 n. 2 (Fla. 1993) (quoting Black's Law Dictionary 1019 (6th ed. 1990)). Muniments of title include "deeds, wills, and court judgments through which a particular land title passes and upon which its validity depends." Cunningham v. Haley, 501 So.2d 649, 652 (Fla. 5th DCA 1986) (emphasis omitted).
[7] We must decline Martin's invitation to create an exception to sections 712.02 and 712.03 for charitable donations created by deed because appellate courts do not possess the authority to rewrite a statute. To create such an exception when one does not clearly exist would constitute impermissible judicial legislation. See State v. Globe Communications Corp., 622 So.2d 1066, 1080 (Fla. 4th DCA 1993). The wisdom of creating such an exception should be addressed to the legislature. See Pfeiffer v. City of Tampa, 470 So.2d 10, 17 (Fla. 2d DCA), rev. denied, 478 So.2d 53 (Fla. 1985).
[8] Based upon the record before us, Martin also has failed to persuade us that the trial court erred in finding that the Town's use of the property for a fire station and paramedic facility is not contrary to the terms of the 1948 deed. Martin's reliance on White v. Metropolitan Dade County, 563 So.2d 117 (Fla. 3d DCA 1990), is misplaced because, in that case, the court held that the banning of county residents from a commercial tennis tournament on a park's tennis complex violated deed restrictions that the property be used "for public park purposes." We note that White did not involve a subsequent conveyance which triggered MRTA to extinguish the earlier deed's restrictions.