855 So.2d 234 (2003)
Jack GREENBERG, Appellant,
v.
CARDIOLOGY SURGICAL ASSOCIATION and Claims CenterLakeland, Appellees.
No. 1D02-2221.
District Court of Appeal of Florida, First District.
September 26, 2003.
*235 Mark L. Zientz of Law Offices of Mark L. Zientz, P.A., Miami, for Appellant.
H. George Kagan of Miller, Kagan, Rodriguez and Silver, P.A., West Palm Beach, for Appellees.
PER CURIAM.
The claimant in this workers' compensation appeal challenges an order by which the judge of compensation claims (JCC) denied his request for an award of penalties and interest pursuant to sections 440.20(6) and 440.20(8), Florida Statutes. For the reasons set forth below, we reverse.
It is undisputed that the Employer/Carrier (E/C) in this case was, on several occasions, late in its payment of non-award disability benefits owed to the claimant, appellant. Applying Florida Administrative Code Rule 38F-24.0231, in which the Division of Workers' Compensation set forth its interpretation of section 440.20(6), the JCC ordered the E/C to pay penalties in the amount of twenty percent of the first installment not paid before the expiration of the statutory seven-day grace period, and the sum of five dollars for each *236 subsequent late installment. We agree with claimant's argument that Rule 38F-24.0231 finds no possible support in the language of the statute. The claimant argues instead for an interpretation of section 440.20(6) that would require the E/C to pay for all late installments an amount equal to twenty percent "or five dollars," whichever is greater, just as the statute did before the 1994 amendments. We agree that claimant is entitled to the twenty percent penalty on all installments, but on a different interpretation than the one urged by claimant.
Both parties acknowledge that this is a case of first impression, calling for an analysis of legislative amendments to section 440.20, effective 1994. Before amendment, section 440.20(7) provided that when a non-award compensation installment was not paid within fourteen days after becoming due, the E/C was required to pay, in addition to the compensation, an amount equal to "the greater of" ten percent of the unpaid installment or five dollars. The legislature renumbered subsection (7) by changing it to subsection (6), shortened the grace period from fourteen to seven days, labeled the payment a "punitive penalty," raised the percentage portion of the award from ten to twenty percent, and particularly relevant to the case at hand, removed the words "the greater of" from the text. Ch. 93-415, § 26, at 140, Laws of Florida. Thus, prior to the 1994 amendments, the pertinent sentence of subsection (7) read as follows:
... there shall be added to such unpaid installment a punitive penalty of an amount equal to the greater of 10 percent of the unpaid installment or $5....
Following the 1994 amendments, that provisionrenumbered subsection (6)was changed to read:
... there shall be added to such unpaid installment a punitive penalty of an amount equal to 20 percent of the unpaid installment or $5....
We conclude, as did the JCC below, that the deletion of the words "the greater of in section 440.20(6) rendered the provision ambiguous. We find it also unintelligible. By its literal wording, the amended statute now provides for a percentage penalty and an alternative penalty, with no indication as to the conditions under which the alternative shall be applied, the method for determination, or by whom the determination is to be made. This obviously does not further the legislative goal of creating an "efficient and self-executing system ... which is not an economic or administrative burden." § 440.015, Fla. Stat.
Because the rights of the parties in the case before us must nevertheless be adjudicated, we begin by applying ordinary rules of statutory construction, looking to the legislative history, purposes, and text of the pertinent statutes in order to derive the meaning of the particular statute before us. We note, significantly, that in the session law in which it made the questioned amendments, although the legislature deleted the words "the greater of" in subsection (6), it left the bulk of the remaining language of the subsection intact. Ch. 93-415, § 26, at 140, Laws of Fla. Finding no other reasonable alternative, and none more reasonable being put forth by either party, we can come to no logical conclusion except that the legislative draftsmen's failure to also strike the term "or $5" was an oversight. Although appellant argues that striking "the greater of" was done by mistake, we think it is more logical and reasonable to give effect to this most recent and deliberate change, and instead to find that mistake occurred in the failure to also omit "or $5," which of course dictates the same result sought by *237 appellant, namely, payment of a twenty percent penalty on all later installments.[1]
In support of our decision we note the admonition that although generally, in construing a statute, the courts should not take liberty to ignore or delete any of the words employed therein, a court may do so if the words at issue are so meaningless or clearly inconsistent with the legislative intent that they should be ignored as mere surplusage. See generally Haworth v. Chapman, 113 Fla. 591, 152 So. 663 (1933). "[A] basic rule of statutory construction provides that the Legislature does not intend to enact useless provisions, and courts should avoid readings that would render part of a statute meaningless." State v. Goode, 830 So.2d 817 (Fla. 2002).
We find further support for our conclusion that legislative oversight accounts for the failure to delete the term "or $5" from section 440.20(6) by consideration of the penalty provision related to untimely payments owed pursuant to an award, currently appearing in 440.20(7), Florida Statutes. That provision has, since its inception, required a penalty payment of twenty percent. Ch. 17481, Laws of Fla. (1935). We find it noteworthy that the legislature changed some of the provisions of subsection (7) in the same session law in which it amended section 440.20(6), by reducing the grace period for the payment of compensation from thirty days to seven days. Thus, both penalty statutes now provide for the same grace period and employ the same percentage penalty for unpaid installments. See Florida State Racing Commission v. McLaughlin, 102 So.2d 574, 575-76 (Fla.1958) "([I]f a part of a statute appears to have a clear meaning if considered alone but when given that meaning is inconsistent with other parts of the same statute or others in pari materia, court will examines the entire act and those in pari materia in order to ascertain the overall legislative intent.") We are persuaded that it is more accurate to assume that a desire for consistency guided the legislature in making these amendments, rather than to assume that it intended to enact an unintelligible provision.[2]
*238 Accordingly, because we can only conclude that the legislature inadvertently failed to omit the term "or $5" from section 440.20(6), we read the statute as requiring a payment of twenty percent penalty on all non-award compensation installments not paid within the seven-day grace period. We therefore find that the JCC erred in applying the method of calculation set forth in Rule 38F-24.0231. Although the Division's interpretation is entitled to great deference with respect to matters within its delegated authority, it is ultimately within the province of the courts to interpret the workers' compensation statutes. See, e.g., Okeechobee Health Care v. Collins, 726 So.2d 775 (Fla. 1st DCA 1998). "It is axiomatic that an administrative rule cannot enlarge, modify or contravene the provisions of a statute." Willette v. Air Products, 700 So.2d 397 (Fla. 1st DCA 1997) (quoting State, Dep't of Bus. Regulation v. Salvation Limited, Inc., 452 So.2d 65, 66 (Fla. 1st DCA 1984)).
For the reasons stated we reverse the order appealed and remand for entry of an order consistent with this opinion. We reject the E/C's request for application of the de minimus rule and direct that on remand, the E/C be ordered to pay all interest due under Section 440.20(8), Florida Statutes.
VAN NORTWICK, J., and SMITH, LARRY G., SENIOR JUDGE, CONCUR; POLSTON, J., CONCURS IN PART AND DISSENTS IN PART WITH WRITTEN OPINION.
POLSTON, J. concurring in part and dissenting in part.
Section 440.20(6), Florida Statutes (1994) states in relevant part that "there shall be added to such unpaid installment a punitive penalty of an amount equal to 20 percent of the unpaid installment or $5...." I agree with the majority that (i) the administrative rule followed by the appellees and the JCC, requiring penalties of 20% of the first late installment and then $5 for each late installment thereafter, is not supported by the statute, and (ii) the statute should not be read by adding the words "the greater of" 20% or $5 because those words were explicitly stricken by legislative changes to the statute.[3]
However, without any support or argument by the parties for such an action, the majority simply rewrites the "or $5" language out of the statute and concludes that 20% should be paid on all late payments. See Jordan v. State, 801 So.2d 1032, 1034 (Fla. 5th DCA 2001)("We agree that it is not the prerogative of this court to melt this statute and recast it in a mold of our choosing. The general principle which we must adhere to, simply put, requires this court to interpret legislation, not rewrite it."); Sunshine Vistas Homeowners Ass'n v. Caruana, 623 So.2d 490, 492 (Fla.1993)(ruling that the Court "lack[s] the power to delete words from the statute"). Therefore, I respectfully dissent.
It is undisputed that the E/C paid claimant, consistent with the plain language of the statute, each penalty payment in an amount equal to 20% of the unpaid installment or $5. Therefore, the JCC's ruling that no additional penalty payments are due should be affirmed.
NOTES
[1] Appellant filed a notice of intent to rely on subsequent authority, calling our attention to House Bill 1837 of the current legislative session, which, among other things, deletes the term "or $5" from section 440.20(6), Florida Statutes. We note that the legislature did subsequently amend section 440.20(6) to delete the words "or $5." See Ch.2003-412, § 24, at 76, Laws of Fla. This amendment, which clarifies the ambiguity in the statute, may be considered in interpreting the legislative intent of section 440.20(6). See Finley v. Scott, 707 So.2d 1112, 1116 (Fla.1998)("[a]lthough the 1993 statute applies to this case, we accept the addition of this sentence to the statute as clarifying legislative intent ..."); Ivey v. Chicago Ins. Co., 410 So.2d 494, 497 (Fla.1982)(quoting Gay v. Canada Dry Bottling Co. of Florida, 59 So.2d 788, 790 (Fla. 1952))("The rule seems to be well established the interpretation of a statute by the legislative department goes far to remove doubt as to the meaning of the law. The court has the right and the duty, in arriving at the correct meaning of a prior statute to consider subsequent legislation.")
[2] In addition, our interpretation gives practical effect to the remaining provisions of section 440.20(6), which retain the former provisions allowing the employer or carrier to be excused from payment of the penalty upon a showing that "such nonpayment results from conditions over which the employer or carrier had no control." As appellant points out, it is not likely that this escape provision would have been deemed necessary, nor would the other provisions, such as the one providing for waiver by the claimant, have been included if, as the Division's rule interpreting the statute implies, the legislature intended that only a $5.00 penalty would be imposed for each unpaid by-weekly installment subsequent to the first unpaid installment, rather than a penalty of twenty percent as we have interpreted the legislative intent.
[3] I also agree with the majority that the E/C's request for application of the de minimus rule on the unpaid interest due under section 440.20(8) should be rejected and the JCC's denial of interest reversed and remanded.