# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2025-0443
Lower Tribunal No. 2022-CA-1330

_____

LA MINNESOTA RIVIERA, LLC,

Appellant,

v.

RIVIERA GOLF ESTATES HOMEOWNERS ASSOCIATION, INC.,

Appellee.

_____

Appeal from the Circuit Court for Collier County.
Lauren L. Brodie, Judge.

April 17, 2026

NARDELLA, J.

This appeal addresses whether land owned by La Minnesota Riviera, LLC ("Riviera") remains bound by a restriction requiring its use as a golf course. Because the restriction was not properly preserved under Florida's Marketable Record Title Act ("MRTA"), we reverse and remand for the trial court to enter summary judgment for Riviera.

In 1973, a deed addendum was recorded on the property currently owned by Riviera. The addendum contained a use restriction, requiring the property to be used as a golf course. When the property was sold almost two decades later, in 1990, the

deed itself did not mention the use restriction. But, just before the recording of the deed, a partner to the general partnership which owned the property at the time, filed an affidavit averring that he, Myron Gifford, had authority to execute the instruments on behalf of the partnership ("Gifford Affidavit"). Important here, that affidavit incorporated by reference the 1973 deed addendum, which contained the restriction requiring the property to be used as a golf course.

Years later Riviera acquired the property unaware of the restriction, only discovering it when a subsequent sale fell through. After the restriction was discovered, Rivera attempted to develop the land but drew opposition from the Homeowner's Association of the adjoining residential subdivision, Riviera Golf Estates Homeowners Association, Inc. ("Riviera HOA"). To block the development, Riviera HOA filed a lawsuit seeking declaratory and injunctive relief on the theory that the use restriction in the 1973 deed addendum was properly preserved via the Gifford Affidavit, and thus such restriction still encumbered the property having never been extinguished under Florida's Marketable Record Title Act ("MRTA"). The parties filed competing motions for summary judgment. The trial court denied Riviera's motion, granted Riviera HOA's motion, and entered a declaratory judgment in its favor.[1]

---

[1] The trial court dismissed Riviera HOA's claim for injunctive relief.

On appeal Riviera argues that this was error for several reasons, but we reach only one. Because the Gifford Affidavit is not a muniment of title on which said estate is based, it could not, in this case, preserve the use restriction under the plain language of MRTA.

"We review de novo the trial court's order granting summary judgment." *Pial Holdings, LTD v. Riverfront Plaza, LLC*, 379 So. 3d 547, 550 (Fla. 6th DCA 2024). Summary judgment is proper if there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law. *Id.* Similarly, "a trial court's interpretation and application of a statute is reviewed de novo." *Orosco v. Rodriguez*, 376 So. 3d 92, 94 (Fla. 6th DCA 2023).

By way of background, "[t]he purpose of the Marketable Record Title Act was to simplify and facilitate land transactions by letting interested parties rely on the record title." *Sawyer v. Modrall*, 286 So. 2d 610, 612 (Fla. 4th DCA 1973). "The idea is to extinguish all claims of a given age (thirty years in the Florida Statute) which conflict with a record chain of title which is at least that old." *Marshall v. Hollywood, Inc.*, 236 So. 2d 114, 119 (Fla. 1970). With some exceptions, "[a]ny person having the legal capacity to own land in this state, who, alone or together with her or his predecessors in title, has been vested with any estate in land of record for 30 years or more, shall have a marketable record title to such estate in said land, which shall be free and clear of all claims . . . ." § 712.02, Fla. Stat. (2022). Again, subject to exceptions, "a marketable record title is free and clear of all estates,

3

interests, claims, covenants, restrictions, or charges, the existence of which depends upon any act, title transaction, event, zoning requirement, building or development permit, or omission that occurred before the effective date of the root of title." § 712.04, Fla. Stat. (2022).

In this case, Riviera claims it has marketable record title free of the restrictive covenant requiring the property it owns to be used as a golf course. Riviera HOA, however, claims that an exception to marketable record title exists such that the restrictive covenant remains ongoing. Marketable record title will not extinguish "use restrictions disclosed by and defects inherent in the muniments of title on which said estate is based beginning with the root of title" so long as the use restrictions "are preserved by identification in the legal description of the property by specific reference to the official records book and page number, instrument number, or plat name or there is otherwise an affirmative statement in a muniment of title to preserve such . . . use restrictions created before the root of title as identified by the official records book and page or instrument number . . . ." § 712.03(1), Fla. Stat. (2022).

The plain language of section 712.03(1) requires use restrictions to be preserved through muniments of title. The statute says that MRTA does not affect or extinguish "use restrictions disclosed by and defects inherent in the muniments of title on which said estate is based beginning with the root of title . . . ." § 712.03(1), Fla. Stat.; *see also Martin v. Town of Palm Beach*, 643 So. 2d 112, 114 (Fla. 4th DCA 1994) ("Thus, pursuant to section 712.03(1), the use restrictions created prior

4

to the 1957 deed (the Town's root of title) are extinguished by section 712.02 unless the use restrictions are disclosed and specifically identified in any muniments of title."). The root of title can also be a muniment of title. *Martin*, 643 So. 2d at 114–15 ("Here, the 1957 deed is the root of title, as well as the only muniment of title, because there have been no further conveyances of the subject property since 1957."). Further, reference to the book and page number that the restriction can be found on or reference to the name of a recorded plat that imposes the restriction will suffice to preserve the use restriction. *Sunshine Vistas Homeowners Ass'n v. Caruana*, 623 So. 2d 490, 491–92 (Fla. 1993).

This appeal turns on whether the Gifford Affidavit is a muniment of title on which the estate is based. It is not. Although muniment of title is not defined by statute, the Florida Supreme Court has accepted the 1990 Black's Law Dictionary definition which then defined muniment of title as "[d]ocumentary evidence of title. The instruments of writing and written evidences which the owner of lands, possessions, or inheritances has, by which [one] is entitled to defend the title. . . ." *Caruana*, 623 So. 2d at 491 n.2. As Riviera contends, "[m]uniments of title are deeds, wills, and court judgments *through which a particular* land *title passes and upon which its validity depends*." *Cunningham v. Haley*, 501 So. 2d 649, 652 (Fla. 5th DCA 1986). "Muniments of title do more than merely 'affect' title; they must carry title and be a vital link in the chain of title." *Id.*; *see also Pasekoff v. Kaufman*, 392 So. 2d 971, 975 (Fla. 3d DCA 1981) (demonstrating the difference between a

document which affects title versus carries title by noting that a mortgage is not a muniment of title from which parties could derive ownership because execution of a mortgage is not evidence of ownership of mortgaged property). The Gifford Affidavit does not carry or pass title. In no way is the estate based upon the Gifford Affidavit which merely denotes Myron Gifford's authority to execute the later recorded deed on behalf of the Grantor.

Because there are no muniments of title since the root of title that preserves the use restriction here, the use restriction is extinguished through MRTA. Hence, the trial court erred by granting summary judgment for Riviera HOA and denying summary judgment for Riviera. On remand, the trial court shall enter summary judgment in favor of Riviera.

REVERSED and REMANDED with instructions.

WHITE and BROWNLEE, JJ., concur.


Alex R. Figares and Caroline Marisa Storey, of Coleman, Yovanovich & Koester, P.A., Naples, for Appellant.

Michael R. Whitt, of Shutts & Bowen, LLP, Sarasota, Garrett A. Tozier, of Shutts & Bowen, LLP, Tampa, and Joel W. Hyatt, of  Hahn Loeser & Parks LLP, Fort Myers, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED