WENTWORTH, Senior Judge.
This is an appeal from a final order of the Division of Administrative Hearings, reviewing the validity of proposed rules related to Part II of Chapter 386, Florida Statutes, the Florida Clean Indoor Air Act (the Act). After a formal hearing on the merits pursuant to section 120.54(4), Florida Statutes, the hearing officer held that the Appellant Garrison was without standing to challenge the proposed rules. Citing a prehearing stipulation of the parties that the Appellant Mack-oul operated a “place of employment,” the hearing officer found Mackoul, as such, to be subject to the Act and accorded standing to Mackoul on that basis. The appellants challenge (1) the denial of standing to Garrison and (2) the hearing officer’s conclusion that proposed rules 10D-105.009(1), (2), and (3) constitute a valid exercise of delegated legislative authority. The Department of Health and Rehabilitative Services (HRS) has cross-appealed, challenging (1) Mackoul’s standing to contest proposed rules related to shopping malls and (2) the invalidation of proposed rules 10D-105.009(4), 10D-105.009(8), 10D-105.009(11), 10D-105.011, and 10D-105.012(2). We affirm the order in all respects except its conclusion that proposed rule 10D-105.009(11) is an invalid exercise of delegated legislative authority.
Garrison operates a chain of retail tobacco stores located in 16 Florida shopping malls. The Act expressly excludes those retail stores which have as their primary business the sale of tobacco or tobacco related products. Section 386.203(l)(q), Florida Statutes (1993). Garrison is not subject to the Act and cannot, therefore, allege that the proposed rule will cause an injury in fact or assert an interest protected by the act. Agrico Chemical Co. v. Department of Environmental Regulation, 406 So.2d 478 (Fla. 2d DCA 1981) rev. denied, 415 So.2d 1359 (Fla.1982); Bd. of Ophthalmology v. Society of Ophthalmology, 538 So.2d 878 (Fla. 1st DCA 1988). The parties stipulated that Mackoul operates a place of employment. In light of that stipulation, we conclude that HRS has waived objection to Mackoul’s standing, and we therefore reject its challenge to Mackoul’s standing as a place of employment. All of the proposed rules impact places of employment. On the basis of the parties’ stipulation, the Appellant Mackoul has standing to challenge all of the proposed rules.
The hearing officer concluded that proposed rule 10D-105.009, subsections (1), (2), and (3),[1] did not contravene section 386.205(3), Florida Statutes, which deems compliance on the part of those employers that make reasonable efforts to develop, implement, and post a smoking policy. As the hearing officer observed, the proposed rules provide nothing more than the procedure to be followed by enforcement personnel in investigating complaints and notifying alleged *1378 violators of the Act. Section 386.205(3), Florida Statutes, requires employers subject to the Act to develop, implement, and post a policy regarding the designation of smoking and nonsmoking areas. That statute further provides that employers failing to develop, implement, or post a smoking policy, but making reasonable efforts to comply, shall be deemed in compliance. The cited subsections of the proposed rule do not foreclose the statutory mandate, which remains effective to deem compliance on the part of an employer that has failed but has made reasonable efforts to develop, implement, or post such a policy.
The hearing officer invalidated proposed rule 10D-105.009(4)[2] as illogical and arbitrary. The proposed rule simply states that before a common area may be designated a smoking area, all workers assigned to work within that single closed area must agree to that designation. The rule, however, classifies violations for failing to post signs in a designated smoking area and failing to implement a policy regarding smoking and nonsmoking areas. Failure to obtain approval of all workers in a common area before designating the area a smoking area constitutes neither a failure to implement a smoking policy nor failure to post signs in a designated smoking area. The proposed rule is thus not reasonably related to the appropriate purpose of the statute. Moreover, failure to obtain approval of all workers in a common area before designating the area a smoking area is addressed by proposed rule 10D-105.009(5)[3]. Proposed rule 10D-105.009(4) is therefore duplicative and fails to establish adequate standards to guide the agency’s application of the two rules in notifying alleged offenders of the violation.
Proposed rule 10D-105.009(8)[4] enlarges the specific provisions of the law implemented and thereby constitutes an invalid exercise of delegated legislative authority. Section 386.205(4) of the Act limits the designation of a smoking area to no more than one-half of the total square footage in any public place within a single enclosed area used for a common purpose. Section 386.205(3) of the Act exempts from calculation of that square footage “private office work space which is not a common area as defined in s. 386.203(6)[5] and which is ordinarily inaccessible to the public.” The proposed rule establishes a violation “[i]f single occupancy offices have not been counted in the calculation of the square footage of a designated smoking area where both smokers and nonsmokers routinely assigned *1379 to work at the same time and the doors of those offices are left open.” Leaving the doors of private office space open makes of that space neither a common area as defined by § 386.203(6) nor necessarily more accessible to the public. The proposed rule thus enlarges the specific provisions of the implemented statute and is, therefore, an invalid exercise of delegated legislative authority.
Proposed rule 10D-109.009(10)[6], which prohibits smoking or designation of a smoking area in a shopping mall concourse, does not enlarge the provisions of the statute. Although the Act does not include shopping malls among its definitions of “public places” subject to the act, it does include places of employment. Section 386.203(l)(s), Florida Statutes (1993). The management of shopping malls employs maintenance and additional service personnel. For such personnel, the shopping mall is a place of employment. As a place of employment, the interior of the shopping mall is a “public place” as defined by the Act. Shopping malls are, therefore, subject to the Act, as the hearing officer correctly found. Because Mackoul has standing as a place of employment on the basis of the parties’ stipulation, it could properly challenge this proposed rule.
Similarly, proposed rule 10D-105.009(H)[7] does not exceed the agency’s statutory authority and is reasonably related to the appropriate purpose of the statute. The proposed rule prohibits smoking or designation of a smoking area in a shopping mall food court. Although the Act does not specifically define shopping mall food court, the hearing officer reasonably distinguishes the food court from the mall concourse. A shopping mall food court need not, as the hearing officer reasoned, be a “common area” within a “public place” before HRS may apply the Act through the proposed rule. As is the interior of the shopping mall concourse, so the shopping mall food court is a place of employment. As such, it is subject to the Act.
We agree with the hearing officer’s conclusion that proposed rule 10D-105.011[8] enlarges the specific provisions of the law implemented. Section 386.207 of the Act allows parties subject to the Act to request an exemption from §§ 386.205 and 386.206 by application to the agency. The agency may grant exemptions “on a case-by-case basis where it determines that substantial good faith efforts have been made to comply or that emergency or extraordinary circumstances exist.” Section 386.207(3), Florida Statutes (1993). The proposed rule provides that exemptions are justified as an emergency or extraordinary circumstance when compliance with the Act would result in greater hazard to public health than would result from granting an exemption. Additionally, the rule provides for temporary exemptions of limited duration under emergency or extraordinary conditions when good faith efforts to comply have been made. The rule *1380 appears to describe two general circumstances in which exemptions would be granted: one that has no statutory basis and another that combines the two independent bases of the statute. The implemented statute requires merely substantial good faith effort to comply. The rule requires that compliance result in greater hazard to public health than noncompliance.. Additionally, the statute requires merely the existence of emergency or extraordinary circumstances. The rule adds to those circumstances an additional requirement of a good faith effort to comply. The hearing officer did not err in finding the rule to enlarge, modify or contravene the specific provisions of the law implemented.
Proposed rule 10D-105.012(2)[9] is also an invalid exercise of delegated legislative authority. Section 386.207 of the Act provides for enforcement procedures in eases of alleged violations of §§ 386.205 and 386.206. The statute requires the agency to issue to the person in charge of the subject public place a notice to comply. The statute further states that if the person fails to comply within 30 days after receipt of that notice, the agency will assess fines “not to exceed $100 for the first violation and $500 for each subsequent violation.” Proposed rule 10D-105.012(2) does not address the statute’s 30 day requirement. The statute clearly provides an alleged offender 30 days, beginning when notified of the violation, in which to comply before the agency may impose civil penalties. The literal terms of the rule effectively deny an alleged offender the statutory 30 day period in which to comply, substituting in its place separate violations for each day of noncompliance. The rule thus contravenes the implemented statute as the hearing officer found.
Finally, the hearing officer found as a matter of fact that the evidence failed to establish that any decline in sales was “directly or primarily” related to the smoking restrictions imposed in malls where its stores are located. The parties concede and we agree that “direct and primary” is an improper statement of the standard that the hearing officer, in fact, applied. The hearing officer correctly stated the standard in his conclusions of law, in which he concluded that Garrison failed to establish that any decline in sales or customer traffic is “directly or proximately” the result of smoking restrictions imposed in the subject malls. We find competent and substantial evidence in the record to support that conclusion.
The order is accordingly affirmed in part and reversed in part, and the cause is remanded for disposition in accordance herewith.
ZEHMER, C.J., and DAVIS, J., concur.

. Proposed rule 10D-105.009 reads in pertinent part:
(1)In any workplace where there are smokers and nonsmokers, employers shall develop a policy with regard to the designation of smoking areas. Should there be no written policy, a violation of section 386.205(3), F.S., exists and will be documented as “Failure to develop a smoking policy regarding smoking and nonsmoking areas.”
(2) Employers are required to implement a written smoking policy. If employees are observed violating a workplace smoking policy, a violation of section 386.205(3), F.S., exists and will be documented as “Failure to implement an existing policy.”
(3) Should a smoking policy exist for a workplace but not be posted, a violation of section 386.205(3), F.S., exists and will be documented as "Failure to post a smoking policy.”

. Proposed rule 10D-105.009(4) reads:
(4) When a common work area is designated as a smoking area, all workers assigned to work within that single enclosed area must agree to such designation. (Partitioned work spaces and rooms not separated by closed doors, floor to ceiling moveable walls or similar floor to ceiling barrier do not constitute separate work areas.) This violation of the Florida Clean Indoor Air Act will be documented as:
(a) failure to post signs in a designated smoking area, a violation of section 386.206, F.S., and
(b) failure to implement a smoking policy regarding smoking and nonsmoking areas, a violation of section 386.205(3), F.S.

. Proposed rule 10D-105.009(5) reads:
If one or more workers assigned to a common work area does not consent to smoking being permitted in that common work area, then that area can not be designated as a smoking area. If a smoking area is designated in a common work area over the objections of any worker assigned to work in that area, then a violation of section 386.205(3), F.S., exists and will be documented as: "Common work area designated as smoking area without employee consent."

. Proposed rule 10D-105.009(8) reads:
If single-occupancy offices have not been counted in the calculation of the square footage of a designated smoking area where both smokers and nonsmokers routinely assigned to work at the same time and the doors of those offices are left open, then a violation of section 386.205(3), exists and will be documented as: "Square footage calculation for designation of smoking areas is incorrect.”

. Sec. 386.203(6) reads:
"Common area” means any hallway, corridor, lobby, aisle, water fountain area, restroom, stairwell, entiyway, or conference room in any public place.

. Proposed rule 10D-105.009(10) reads:
If smoking is allowed anywhere in an enclosed shopping mall concourse, then a violation of section 386.205, F.S., exists and shall be documented as: “Smoking permitted or designated in a prohibited area.”

. Proposed rule 10D-105.009(11) reads:
If smoking is allowed in an enclosed shopping mall food court and is not specifically regulated by the Department of Business and Professional Regulation, then a violation of section 386.205, F.S., exists and shall be documented as: "Smoking permitted or designated in a prohibited area.”

. Proposed rule 10D-105.011 reads in pertinent part:
(1) The proprietor or other person in charge of a public place may request an exemption from Florida Statutes sections 386.205 or 386.206, by submitting their requests in writing to the HRS State Health Officer. On the recommendation of the State Health Officer, the department may grant exemptions from the requirements of section 386.205(4) and 386.206, F.S., as an emergency or extraordinary circumstance which justifies exemption when compliance with the Florida Clean Indoor Air Act would result in a greater hazard to public health than would result from granting the exemption. Temporary exemptions of limited duration may be granted under emergency or extraordinary conditions when good-faith efforts to comply have been made.

. Proposed rule 10D-105.012(2) reads:
For every offense after the third offense, the maximum penalty of $500.00 shall be assessed. Each day that a violation continues shall constitute a separate violation. Separate fines shall be assessed for each observed violation, and for each day that each violation persists.
(Emphasis added.)