974 So.2d 524 (2008)
Shaun McGHEE, Appellant,
v.
Angela BIGGS a/k/a Angela Ruff, Appellee.
No. 4D06-4914.
District Court of Appeal of Florida, Fourth District.
February 6, 2008.
*525 Melody Ridgley Fortunato of Fortunato & Associates, P.A., Ft. Lauderdale, for appellant.
No brief filed for appellee.
KLEIN, J.
The issue before us is whether the trial court, which entered an order modifying a North Carolina custody judgment, had subject matter jurisdiction. We conclude that the court did not, and vacate the order.
Under a 1997 North Carolina judgment, appellant was awarded custody, and after that he and the child moved to Florida. Years later the mother filed a petition for domestication of the North Carolina judgment and for modification in Florida, and the father defaulted. The trial court modified custody, and a pickup order was entered authorizing the mother to take the child. More than a year after that the father filed a rule 1.540 motion to vacate the modification judgment as void for lack of subject matter jurisdiction. He alleged that under the UCCJEA, North Carolina was the home state of the child and jurisdiction remained with the North Carolina court. The mother is a resident of North Carolina.
Section 61.516, Fla. Stat. provides:
61.516. Jurisdiction to modify a determination.Except as otherwise provided in s. 61.517, a court of this state may not modify a child custody determination made by the court of another state unless a court of this state has jurisdiction to make an initial determination under s. 61.514(1)(a) or (b) and:
(1) The court of the other state determines it no longer has exclusive, continuing jurisdiction under s. 61.515 or that a court of this state would be a more convenient forum under s. 61.520; or
(2) A court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.
North Carolina has not determined that it no longer has jurisdiction, and accordingly section 61.516(1) does not apply. And, because the mother resides in North Carolina, section 61.516(2) is not applicable.
Although section 61.516 also authorizes modification if Florida has initial jurisdiction under section 61.514(1)(a) or (b), they are not applicable either. They provide:
61.514 Initial child custody jurisdiction.
(1) Except as otherwise provided in s. 61.517, a court of this state has jurisdiction to make an initial child custody determination only if:
(a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within 6 months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
(b) A court of another state does not have jurisdiction under paragraph (a), or a court of the home state of the child has declined to exercise jurisdiction on the grounds that this state is the more appropriate *526 forum under s. 61.520 or s. 61.521 and . . .
Subsection (a) doesn't apply because the child is not absent from Florida, and subsection (b) doesn't apply because the North Carolina court has not declined to exercise jurisdiction.
It is thus apparent that the trial court did not, under the UCCJEA, have jurisdiction to modify the North Carolina judgment. The type of jurisdiction involved in this case under the UCCJEA is subject matter jurisdiction. Greene v. Greene, 432 So.2d 62 (Fla. 3d DCA 1983) (failure to meet residence requirements under UCJA deprived trial court of subject matter jurisdiction); McCabe v. McCabe, 600 So.2d 1181 (Fla. 5th DCA 1992); see also Campbell v. Campbell, 180 Ind.App. 351, 388 N.E.2d 607 (1979) (threshold requirements of UCCJA must be met for subject matter jurisdiction).
A judgment entered by a court which lacks subject matter jurisdiction is void and subject to collateral attack under rule 1.540 at any time. Strommen v. Strommen, 927 So.2d 176 (Fla. 2d DCA 2006). The trial court should accordingly have granted the father's rule 1.540 motion. Reversed.
GROSS, J., concurs.
FARMER, J., specially concurs with opinion.
FARMER, J., concurring specially.
Appellant attacks an order modifying child custody in an interstate custody dispute. He contends that the order was void and could be attacked at any timehere more than a year laterbecause the Florida court lacked "subject matter jurisdiction." The majority agrees that the issue involved subject matter jurisdiction. I disagree with this characterization and the consequent analysis. Because I do agree with the outcome, however, I concur in vacating the custody order.
In Partridge v. Partridge, 790 So.2d 1280, 1284 (Fla. 4th DCA 2001), we recognized that the term subject matter jurisdiction is limited to the general power of a court over a specified class of disputes to which the case belongs. The term is inapplicable to the court's jurisdiction over a specific case because of a contention that a party has not complied with a legal requirement not involving the general power of the court over the case.[1] To the extent that the real issues in this case involve jurisdiction at all, they concern case jurisdiction, not subject matter jurisdiction.
Moreover, as I shall presently show, Florida's assertion of jurisdiction in this case violates federal law. If under the Supremacy Clause of the United States Constitution,[2] Florida could not lawfully refuse to enforce and follow federal law on interstate custody of children, I do not believe that Florida can also rely on its own adjectival law relating to civil procedure[3] *527 to refuse to correct the violation of federal law either. Because case jurisdiction in interstate custody disputes involves important issues relating to the sovereign judicial powers of the States and touches the interests of children, I would read the relevant statutesfederal and stateto allow correction of improper assertions of case jurisdiction whenever the act of correction would not itself harm the best interests of the child. It does not appear that the improper assertion by Florida in this case is now so stale that correction would inflict more harm than Florida's assertion has already wrought.
A Florida court should not have asserted case jurisdiction and proceeded to modify custody of the child unless Florida's assertion of case jurisdiction would have complied with applicable laws governing interstate custody disputes. North Carolina was the court issuing the original custody order. Under federal law, the rendering court retains jurisdiction over the case so long as its laws provide. 28 U.S.C. § 1738A(d). Nothing in this case makes clear that North Carolina no longer had jurisdiction. We have been furnished nothing evidencing that the Florida judge made appropriate consultations with the North Carolina judge before determining whether to assert case jurisdiction.[4]
We have been given to understand that the mother has changed her place of abode several times since the original custody order was entered by the North Carolina court, that she may not have actually been living in North Carolina when she sought custody. It is a significant thing for a court to change the custody of a young child who has been living for several years with a parent in another state. In an interstate custody case, consultation among competing courts is not a mere formality to be omitted without explanation and legal cause. It happens to be a very important prerequisite before interstate changes of child custody may be compelled. I would reverse because federal law was flouted in this case by a Florida court.
NOTES
[1] See also T.D. v. K.D., 747 So.2d 456 (Fla. 4th DCA 1999) ("We use the word `jurisdiction' advisedly even though it has different meanings, each with different implications. Ordinarily we use this word to refer to `subject matter' or `personal' jurisdiction. There is a third meaningmore logically designated as `case' jurisdictionwhich involves the power of the court over a particular case that is within its subject matter jurisdiction. Usually when a final judgment is entered, or as here a final order dismissing a case, the court thereupon loses `jurisdiction' over that particular case. It is in this latter sense that we have used the term `jurisdiction' in our decision today."); MCR Funding v. CMG Funding Corp., 771 So.2d 32, 35 (Fla. 4th DCA 2000) ("`Case' jurisdiction is the `power of the court over a particular case that is within its subject matter jurisdiction.'").
[2] Art. VI, U.S. Const.
[3] By which I refer to both rule 1.540 and, as well, any time prescribed by rule 9.110 to appeal the order requiring a warrant to take the child into custody.
[4] In the event, the trial court also erred under Florida law in referring to a general master the father's attempt under rule 1.540 to correct the improper assertion of case jurisdiction. The father had objected to any referral. Rule 12.490(b)(1) expressly bars any reference to a general master without the consent of the parties. The father did not consent to the reference. I would also make clear that the rule for referring cases to general masters was designed for evidentiary hearings. This kind of purely legal question should not be referred to masters.