RAMIREZ, J.
 

 This is a petition for a writ of prohibition based on the circuit court’s denial of Samantha Godfrey’s motion to dismiss due to lack of standing by Reliance Wholesale, Inc.
 
 [1]
 
 We deny the petition because a lack of standing is insufficient to deprive a circuit court of subject matter jurisdiction so as to invoke the extraordinary writ of prohibition.
 

 We agree with the petitioner that we may grant a writ of prohibition where there are no disputed issues of fact and the circuit court is poised to proceed without subject matter jurisdiction.
 
 DHL Express (USA), Inc. v. State, ex rel. Grupp,
 
 60 So.3d 426, 428 (Fla. 1st DCA 2011);
 
 Am. Mar. Officers Union v. Merriken,
 
 981
 
 *932
 
 So.2d 544, 547 (Fla. 4th DCA 2008). Unless the petitioner can show, however, that (1) there are no disputed facts and (2) the circuit court lacked subject matter jurisdiction, a writ of prohibition is unavailable. In
 
 Roberts v. Brown,
 
 43 So.3d 673, 677-78 (Fla.2010), the Florida Supreme Court quoted the following passage:
 

 Prohibition may only be granted when it is shown that a lower court is without jurisdiction or attempting to act in excess of jurisdiction. It is preventive and not corrective in that it commands the one to whom it is directed not to do the thing which the supervisory court is informed the lower tribunal is about to do. Its purpose is to prevent the doing of something, not to compel the undoing of. something already done.
 

 (citing
 
 English v. McCrary,
 
 348 So.2d 293, 296-97 (Fla.1977)).
 

 There is much confusion as to what constitutes “[s]ubject matter jurisdiction.” When dealing with subject matter jurisdiction, we look at the nature of the case and the type of relief sought. The Florida Supreme Court stated in
 
 Paulucci v. Gen. Dynamics Corp.,
 
 842 So.2d 797, 801 n. 3 (Fla.2003): “[s]ubject matter jurisdiction ‘means no more than the power lawfully existing to hear and determine a cause.’
 
 Cunningham v. Standard Guar. Ins. Co.,
 
 630 So.2d 179, 181 (Fla.1994) (quoting
 
 Malone v. Meres,
 
 91 Fla. 709, 109 So. 677, 683 (Fla.1926)).” “Subject matter jurisdiction is conferred upon a court by a constitution or statute, and cannot be created by waiver, acquiescence or agreement of the parties.”
 
 Snider v. Snider,
 
 686 So.2d 802, 804 (Fla. 4th DCA 1997). “The term [subject matter jurisdiction] is inapplicable to the court’s jurisdiction over a specific case because of a contention that a party has not complied with a legal requirement not involving the general power of the court over the case.”
 
 McGhee v. Biggs,
 
 974 So.2d 524, 526 (Fla. 4th DCA 2008).
 

 The Third Amended Complaint which the petitioner sought to dismiss seeks Temporary and Permanent Injunc-tive Relief and Damages in excess of $15,000. The circuit court is a court of general jurisdiction and has subject matter jurisdiction over these types of cases.
 
 See
 
 Art. V, § 20(c)(3), Fla. Const. §§ 26.012(2)(a), 34.01(l)(c) Fla. Stat. (2010).
 

 The petitioner relies on language contained in
 
 Askew v. Hold The Bulkhead-Save Our Bays, Inc.,
 
 269 So.2d 696, 698 (Fla. 2d DCA 1972) (“Standing has been equated with jurisdiction of the subject matter of litigation....”). We do not agree that a circuit court that otherwise had jurisdiction over the subject matter, i.e., “the general power of the court over the case,” would lose such jurisdiction because the plaintiff may lack standing.
 
 McGhee,
 
 974 So.2d at 525-26.
 

 We thus hold that the denial of a motion to dismiss for lack of standing is not reviewable by writ of prohibition.
 

 Petition denied.
 

 [1]
 

 . See prior appeal of this case in
 
 Reliance Wholesale, Inc. v. Godfrey,
 
 51 So.3d 561 (Fla. 3d DCA 2010).