Jay, J.
We have for review the Final Order of the administrative law judge ("ALJ") in which he determined that Appellee Agency for Health Care Administration ("AHCA") is entitled to $357,407.05 in satisfaction of its Medicaid lien, that sum to be deducted from the proceeds of a third-party wrongful death settlement payable to Appellants: Ana Patricia Delgado and John Nunez, individually, as the parents of Ashley Nunez, and Ana Patricia Delgado as the personal representative of the estate of Ashley Nunez. Because we conclude that the ALJ erred in ignoring the clear language contained in the parties' Joint Pre-Hearing Stipulation by finding that Appellants, collectively, could not contest the amount of the lien, we reverse.
I.
In February 2011, four-year-old Ashley Nunez tragically died due to complications stemming from the hypoxic brain injury she suffered one year earlier while being treated for pneumonia. Medicaid covered the expenses associated with Ashley's medical care, which totaled $357,407.05. Following her death, Ashley's parents-Appellants-filed a wrongful death action against several physicians, two hospitals, and an ambulance company involved in Ashley's care. In compliance with the provisions of Florida's "Medicaid Third Party Liability Act," section 409.910, Florida Statutes (2016), Appellants informed AHCA of the wrongful death action. See § 409.910(5), Fla. Stat. (2016). Accordingly, AHCA asserted its right to a lien "for the full amount of medical assistance provided by Medicaid" on behalf of Ashley. § 409.910(6)(c), Fla. Stat. (2016).
In addition to a claim on behalf of Ashley's estate brought by Ashley's mother as personal representative, the wrongful death action included individual claims brought by Appellants, as Ashley's survivors. Appellants therefore claimed damages due to mental pain and suffering, loss of support, services, and companionship, and also for funeral expenses. See §§ 768.20 & 768.21, Fla. Sta. (2016). Ultimately, the wrongful death action against all defendants was resolved through a series of confidential settlements. Appellants received a total of $2,250,000.
Based on the formula set forth in section 409.910(11)(f), Florida Statutes (2016), AHCA calculated the amount it was due to recover from the third-party settlement to *435 be $791,814.84. But, because Ashley's actual medical expenses of $357,407.05 were less than that amount, AHCA was limited to recovering the lesser amount in satisfaction of its Medicaid lien. See § 409.910(11)(f) 4., Fla. Stat. (2016). However, as the ALJ acknowledged in the Final Order, "when AHCA has not participated in or approved a settlement, the administrative procedure created by section 409.910(17)(b)[, Florida Statutes (2016) ], serves as a means for determining whether a lesser portion of a total recovery should be allocated as reimbursement for medical expenses in lieu of the amount calculated by application of the formula in section 409.910(11)(f)." Specifically, when, in this case, Appellants placed the full amount of the "third party benefits"-i.e., the settlement funds-in an interest-bearing trust account for the benefit of AHCA, as required by section 409.910(17)(a), Florida Statutes (2016), the hearing provisions of the Administrative Procedure Act were activated. According to section 409.910(17)(b), the placing of the third-party benefits into the trust account constituted "final agency action," permitting the "recipient [to] contest the amount designated as recovered medical expense damages payable to the agency pursuant to the formula specified in paragraph (11)(f) by filing a petition under chapter 120 ... with the Division of Administrative Hearings." § 409.910(17)(b), Fla. Stat. (2016) (emphasis added). Section 409.910(17)(b) continues:
Final order authority for the proceedings specified in this subsection rests with the Division of Administrative Hearings. This procedure is the exclusive method for challenging the amount of third-party benefits payable to the agency. In order to successfully challenge the amount designated as recovered medical expenses, the recipient must prove, by clear and convincing evidence, that the portion of the total recovery which should be allocated as past and future medical expenses is less than the amount calculated by the agency pursuant to the formula set forth in paragraph (11)(f). Alternatively, the recipient must prove by clear and convincing evidence that Medicaid provided a lesser amount of medical assistance than that asserted by the agency.
Accordingly, Appellants filed with the Division of Administrative Hearings ("DOAH") a "Petition to Determine Amount Payable to Agency for Health Care Administration in Satisfaction of Medicaid Lien." By way of the Petition, Appellants sought to establish that the portion of the wrongful death settlement available for reimbursement to Medicaid was less than the full amount paid by Medicaid. In preparation for the evidentiary hearing, AHCA and Appellants entered into a Joint Pre-Hearing Stipulation in which Appellants acknowledged that the presumptive amount to reimburse Medicaid was $357,407.05. Importantly, AHCA "agree[d] that pursuant to § 409.910(17)(b), [Appellants] may contest the amount payable to AHCA pursuant to the formula at § 409.910(11)(f) by filing a Petition with DOAH." (Emphasis added.) As a result, AHCA admitted, for purposes of the Petition, that Appellants were permitted to contest the amount recoverable as medical expenses as allowed by section 409.910(17)(b). Due to the terms of this stipulation, whether or not Appellants could be considered, collectively, as a "recipient" within the meaning of section 409.910(17)(b) was a non-issue. Consistent with this position, at the evidentiary hearing, Appellants' attorney confirmed that according to the terms of the parties' stipulation, "the sole question" was "what portion of the settlement represents reimbursement for past medical expenses,"
*436 since no portion of the settlement "represents reimbursement for future medical expenses." The parties, thereafter, presented the testimony of their respective expert witnesses.
In his final order, the ALJ conducted a detailed analysis of the expert testimony to find that the $2,250,000 settlement was only a "small percentage" of what the "full measure" of damages would have been in the present case. Accepting the testimony of Appellants' experts, the ALJ found that had the case gone to trial, the amount of damages recoverable by Appellants would have totaled $8,857,407.05, representing the sum of the anticipated $8,500,000 in damages recoverable by Ashley's parents, plus the $357,407.05 in medical expenses recoverable by Ashley's estate. The ALJ went on to find, based on one expert's opinion, that "the $2,250,000 settlement represents a 25.4 percent recovery of the full $8,857,407.05 of damages that Ashley's parents and Ashley's Estate actually incurred. Therefore, only 25.4 percent (i.e., $90,781.30 [sic] ) of the $357,407.05 in Medicaid payments for Ashley's care was recovered." The ALJ described the testimony of Appellants' experts as "compelling and persuasive" and found, accordingly, that Appellants had "proved by clear and convincing evidence that $90,781.39 constitutes a fair and reasonable recovery for past medical expenses actually paid by Medicaid."
Notwithstanding these findings, the ALJ went on to conduct an exhaustive analysis of the tension between the federal Medicaid Act and Florida's Medicaid Third Party Liability Act, and how the federal provisions specifically relate to section 409.910(17)(b). For reasons not pertinent to the resolution of this case, the ALJ concluded that Appellants were not "recipient[s]" for purposes of being able to contest AHCA's presumptive Medicaid lien under section 409.910(17)(b). Significantly, in a footnote, the ALJ also ruled that should his conclusion be overturned on appeal, "then a remand will be unnecessary given the undersigned's finding that $90,781.39 constitutes a fair, reasonable, and accurate share of the total recovery for past medical expenses actually paid by Medicaid."
II.
Our resolution of the issue raised in this appeal does not turn on the correctness of the ALJ's conclusion that Appellants are not statutory "recipient[s]" entitled to file a petition with DOAH, but, rather, on the Joint Pre-Hearing Stipulation in which AHCA agreed that Appellants could contest the lien. Appellants rightly contend that the ALJ "should have abided by the express and stipulated expectation of the parties."
Long ago, the Florida Supreme Court announced the enduring principle concerning pretrial stipulations: "A stipulation properly entered into and relating to a matter upon which it is appropriate to stipulate is binding upon the parties and upon the Court." Gunn Plumbing, Inc. v. Dania , 252 So.2d 1, 4 (Fla. 1971) ; accord, Dortch v. State , 137 So.3d 1173, 1176 (Fla. 1st DCA 2014) (citing Gunn and adding that "[a] stipulation cannot be 'impeached or swept aside' merely by the 'bald statement' of a party desiring to renege" (quoting State ex rel. Alfred E. Destin Co. v. Heffernan , 47 So.2d 15, 17 (Fla. 1950) ) ); Kone v. Robinson , 937 So.2d 238, 241 (Fla. 1st DCA 2006) (holding that the trial court erred in dismissing the third-party complaint against Humana Medical Plan, Inc., on the basis originally argued by Humana-that it was not a party to the contract-where Humana later stipulated it was a party to the contract, and emphasizing that Humana's stipulation to the effect *437 that it was a party "is of some import," citing Gunn ). In fact, " 'absent a showing of fraud, misrepresentation or mistake, stipulations are binding on ... administrative agencies participating in administrative proceedings ....' " Marion Cty. v. Dep't of Juvenile Justice , 215 So.3d 621, 626-27 (Fla. 1st DCA 2017) (citation omitted) (holding "[t]he parties were bound by the Joint Stipulations, and the fact that the Department [of Juvenile Justice] subsequently changed its interpretation of the law was not a valid basis for it to unilaterally reject the Joint Stipulations and 'correct' the appellants' overpayment amounts").
The utility of pretrial stipulations and their binding effect on the parties was aptly expressed in Broche v. Cohn , 987 So.2d 124 (Fla. 4th DCA 2008), as follows:
A stipulation that limits the issues to be tried "amounts to a binding waiver and elimination of all issues not included." Esch v. Forster , 123 Fla. 905, 168 So. 229, 231 (1936). "Pretrial stipulations prescribing the issues on which a case is to be tried are binding upon the parties and the court, and should be strictly enforced." Lotspeich Co. v. Neogard Corp. , 416 So.2d 1163, 1165 (Fla. 3d DCA 1982) (citing Gunn Plumbing, Inc. v. Dania Bank , 252 So.2d 1 (Fla.1971) ). Further, "[i]t is the policy of the law to encourage and uphold stipulations in order to minimize litigation and expedite the resolution of disputes." Spitzer v. Bartlett Bros. Roofing , 437 So.2d 758, 760 (Fla. 1st DCA 1983).
Id. at 127. We wholeheartedly endorse this view. See also Garrison Corp., Inc. v. Dep't of Health & Rehab. Servs. , 662 So.2d 1374, 1377 (Fla. 1st DCA 1995) (holding that by stipulating that one of the parties operated "a place of employment" within the meaning of the Florida Clean Indoor Air Act, the Department waived its objection to that party's standing to challenge proposed rules related to the Act).
In the present case, we agree with Appellants that the ALJ erred in failing to give full force and effect to AHCA's agreement in the Joint Pre-Hearing Stipulation that Appellants had the right to contest the amount payable to AHCA pursuant to the formula set forth in section 409.910(11)(f), by filing their petition with DOAH under section 409.910(17)(b). Essentially, by its stipulation, AHCA waived any right it had to raise the point that Appellants were not "recipient[s]" under the statute.*
In response to Appellants' argument on the waiver issue, AHCA asserts that the question of Appellants' right to file a petition *438 under section 409.910(17)(b) presents, at its core, an issue of standing; and "standing in the administrative context is a matter of subject matter jurisdiction and cannot be conferred by consent of the parties." Abbott Labs. v. Mylan Pharms., Inc. , 15 So.3d 642, 651 n.2 (Fla. 1st DCA 2009) (citing Grand Dunes Ltd. v. Walton Cty. , 714 So.2d 473, 475 (Fla. 1st DCA 1998) (holding, "[i]n the administrative context, '[s]tanding has been equated with jurisdiction of the subject matter of litigation and has been held subject to the same rules, one of which is that jurisdiction of the subject matter (thus standing to bring suit) cannot be conferred by consent' " (quoting Askew v. Hold the Bulkhead-Save Our Bays, Inc. , 269 So.2d 696, 698 (Fla. 2d DCA 1972) ) ) ); cf. Godfrey v. Reliance Wholesale, Inc. , 68 So.3d 930, 932 (Fla. 3d DCA 2011) (acknowledging that subject matter jurisdiction cannot be conferred by the agreement of the parties, but disagreeing with the premise in Askew "that a circuit court that otherwise had jurisdiction over the subject matter, i.e., 'the general power of the court over the case,' would lose such jurisdiction because the plaintiff may lack standing" (citing McGhee v. Biggs , 974 So.2d 524, 525-26 (Fla. 4th DCA 2008) ) ). Setting all that aside, however, we conclude that DOAH did in fact have subject matter jurisdiction to resolve the instant dispute because Appellants independently had standing to file their petition, irrespective of whether or not they were ultimately found to be "recipient[s]" for purposes of section 409.910(17)(b).
III.
" 'Whether a party has standing to bring an action is a question of law that is to be reviewed de novo.' " Ft. Myers Real Estate Holdings, LLC v. Dep't of Bus. & Prof'l Regulation, Div. of Pari-Mutuel Wagering , 53 So.3d 1158, 1161 (Fla. 1st DCA 2011) (quoting Mid-Chattahoochee River Users v. Fla. Dep't of Envtl. Prot. , 948 So.2d 794, 796 (Fla. 1st DCA 2006) ). As was true in Ft. Meyers , the standing issue here "involves the application of general principles of administrative law over which [AHCA] has no special expertise[.]" Id. (citing Doyle v. Dep't of Bus. Regulation , 794 So.2d 686, 690 (Fla. 1st DCA 2001) (recognizing that a court need not defer to an agency's construction or application of a statute if special agency expertise is not required) ). Therefore, we are not required to give any deference to AHCA's legal analysis on this point. Id.
In his final order, the ALJ initially concluded as a matter of law that DOAH had "jurisdiction over the subject matter and the parties ... pursuant to sections 120.569, 120.57(1) and 409.910(17), Florida Statutes." (Emphasis added.) The ALJ did not err in reaching that conclusion, and the parties have not argued that he did. In that regard, we find particularly persuasive the Second District's explanation of administrative standing in Peace River/Manasota Regional Water Supply Authority v. IMC Phosphates Co. , 18 So.3d 1079 (Fla. 2d DCA 2009). There, the court noted that "[a]s a general proposition, '[s]tanding is a legal concept that requires a would-be litigant to demonstrate that he or she reasonably expects to be affected by the outcome of the proceedings, either directly or indirectly.' " Id. at 1082-83 (quoting Hayes v. Guardianship of Thompson , 952 So.2d 498, 505 (Fla. 2006) ). The court continued:
Thus, standing depends on the nature of the injury asserted and the purpose and scope of the administrative proceeding.... It does not depend on the elements or merits of the underlying claim.... Therefore, standing-a forward-looking concept-cannot "disappear"
*439 based on the ultimate outcome of the proceeding.
Id. at 1083 (emphasis in original) (citations omitted). Equally noteworthy is the Second District's additional observation that "chapter 120 does not actually employ the word 'standing,' " but
[u]nder the statutory language, a hearing is provided pursuant to section 120.569(1)[, Florida Statutes ], "in all proceedings in which the substantial interests of a party are determined by an agency" [and], [t]hus, the concept of "standing" in an administrative proceeding depends on whether the particular entity at issue qualifies as a "party."
Id. (quoting § 120.569(1), Fla. Stat.).
The definition of "party" in chapter 120 is a broad one. For our purposes, it includes "[s]pecifically named persons whose substantial interests are being determined in the proceeding ." § 120.52(13)(a), Fla. Stat. (2016) (emphasis added). In this case, as we have said, the ALJ acknowledged that DOAH had jurisdiction of the subject matter and the "parties"-thereby designating Appellants as "parties." More to the point, the ALJ also provided the basis as to why Appellants' "substantial interests" would be determined by the proceeding before him. As he explained in his order, AHCA "has 'an automatic lien for the full amount of medical assistance provided by Medicaid to or on behalf of the recipient for medical care furnished ... by which a third party is or may be liable ....' " See § 409.910(6)(c), Fla. Stat. (2016). As the ALJ described it, "[t]his Medicaid lien is iron-clad." No settlement impairs the lien. See § 409.910(13), Fla. Stat. (2016).
The end result, as the ALJ recognized, is that AHCA is empowered to reach into Appellants' $2,250,000 settlement and remove $357,407.05 in order to satisfy its Medicaid lien-even if that amount exceeds the pro rata portion of the settlement attributable to medical care. See §§ 409.901(28) & 409.910(7), Fla. Stat. (2016) (respectively, defining "third-party benefit" and permitting AHCA to recover third-party benefits from "[a]ny person who has received the third-party benefits"). Consequently, Appellants have at least a $357,407.05 "stake" in the outcome of this action. Sun States Utils., Inc. v. Destin Water Users, Inc. , 696 So.2d 944, 945 n.1 (Fla. 1st DCA 1997) ("Standing to maintain a lawsuit depends on whether the party has a personal stake in the outcome of the proceeding, such as an injury that may be redressed by the suit."); see also Ft. Meyers , 53 So.3d at 1162 ("The applicant is a 'party' to the permitting proceeding by operation of law because it is the specifically named person whose substantial interests are being determined by the agency's denial of the permit.") We hold that Appellants' stake is sufficient to constitute a "substantial interest" for the sake of their party status and DOAH's subject matter jurisdiction.
IV.
Having now determined that Appellants had standing to bring the instant administrative proceeding, and that subject matter jurisdiction is not an issue, we reject AHCA's effort to repudiate its agreement in the Joint Pre-Hearing Stipulation that Appellants could contest AHCA's lien under section 409.910(17)(b). By that agreement, AHCA waived its right to argue to the contrary. Because the ALJ erred in not giving effect to this important stipulation, we are required to reverse the Final Order. See § 120.68(7)(c), Fla. Stat. (2016). However, remand for further evidentiary proceedings is unnecessary given the ALJ's "finding that $90,781.39 constitutes a fair, reasonable, and accurate share of the total recovery for past medical expenses actually paid by Medicaid." Accordingly, *440 we reverse the Final Order and, in conformance with the clear findings and intent of the ALJ, remand the cause solely for the entry of an amended final order reducing AHCA's lien to $90,781.39.
REVERSED and REMANDED with directions.
B.L. Thomas, C.J., and M.K. Thomas, J., concur.

Both Appellants and AHCA submitted proposed final orders to the ALJ setting forth their respective positions. Although, in its proposed order, AHCA raised for the first time the notion that only a "living" recipient of Medicaid could contest the amount of AHCA's lien under section 409.910(17)(b), the overriding theory expressed in its proposed order was not that Appellants could not challenge the lien, but that Appellants had not proved by clear and convincing evidence "that a lesser portion of the total recovery [by Appellants] should be allocated, as medical expenses, than the amount calculated by [AHCA] ...." Thus, in the end, AHCA abandoned its "recipient" argument. Only once the ALJ entered his final order did it become apparent that the question of Appellants' status under section 409.910(17)(b) was the deciding factor. Although Appellants are challenging the issue by arguing-for the first time on appeal-that AHCA waived the point in the Joint Pre-Hearing Stipulation, we consider the argument to be reviewable since "neither the Florida Administrative Procedure Act nor any rule of procedure provides for the filing of a motion for rehearing of final agency action." Stasinos v. State, Dep't of Bus. & Prof'l Regulation , 209 So.3d 18, 21 (Fla. 4th DCA 2016) (citing Sys. Mgmt. Assocs. v. State, Dep't of Health & Rehab. Servs. , 391 So.2d 688, 691 (Fla. 1st DCA 1980) ).