# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-5440

_____

SAMUEL HOWARD,

    Appellant,

    v.

CITY OF TALLAHASSEE,

    Appellee.

_____

On appeal from an order of the Judge of Compensation Claims.
John J. Lazzara, Judge.

Date of Accident:  April 30, 2004.

October 15, 2018

PER CURIAM.

Two issues are presented in this workers' compensation appeal. First, whether the Judge of Compensation Claims (JCC) erred in rejecting the opinion of the expert medical advisor, Dr. Sharfman. Second, whether the JCC erred in preventing the Claimant from asserting that section 440.20(4), Florida Statutes (2003) (commonly called the "120-day rule"), precluded the Employer from denying his entitlement to ongoing benefits.  We affirm as to the first issue without discussion, but reverse as to the second, concluding that Claimant's amendment of the pretrial stipulation should have been permitted.

## Background

The Employer accepted compensability of Claimant's 2004 accident and injuries. Twelve years later, in February 2016, the Employer filed a notice, denying Claimant's entitlement to any further treatment, asserting that the workplace accident was no longer the major contributing cause (MCC) of the need for any ongoing treatment. Claimant filed a petition for benefits in December 2016 seeking entitlement to ongoing medical treatment and a finding that the 2004 workplace accident and injuries remained compensable.

The parties filed the Uniform Statewide Pretrial Stipulation on May 19, 2017. Claimant did not list the 120-day avoidance in that stipulation. On June 1, 2017, Claimant filed a Supplemental Pretrial Stipulation, asserting that the Employer had waived the right to deny on-going treatment based on the failure to do so within 120 days of receiving information calling into question the MCC of the need for ongoing treatment.

At the July 7, 2017, final hearing, the Employer objected to Claimant's assertion of the 120-day avoidance in the amended pretrial stipulation, arguing that Claimant should have listed it on the initial May 19 pretrial stipulation, and that Claimant failed to file a motion to amend the pretrial. Claimant countered that the supplemental stipulation was filed more than thirty days prior to the final hearing and that the Employer had not voiced an objection until now. Claimant asserted that a motion is not required outside the thirty-day cutoff date provided for in the stipulation. The JCC deferred its ruling.

## Interim Final Order

In the Interim Final Order, the JCC ruled that the Claimant's amendment to the pretrial stipulation was improper under rule 60Q-6.113(2)(a) and (6), Fla. Admin. Code, which provides that:

> . . . the pretrial stipulation (statement) must "[s]tate the claims, defenses, and the date of filing of each [PFB] to be adjudicated at the final hearing. Any claims that are ripe, due, and owing, and <u>all available defenses not raised in the pretrial stipulation are waived unless thereafter</u>

amended by the judge for good cause shown. Any amendment, supplement, or other filing shall only be accepted if it clarifies the claims and/or defenses pled. Absent an agreement of the parties, in no event shall an amendment or supplement be used to raise a new claim or defense that could or should have been raised when the initial pretrial stipulation was filed, unless permitted by the judge for good cause shown." *(Emphasis added* [in original]*).* Subsection (6), in pertinent part, provides that "[i]n no event shall an amendment or supplement be used to raise a new claim or defense that could or should have been raised when the initial pretrial stipulation was filed, unless permitted by the judge upon motion for good cause shown."

(Emphasis in order). Based upon the rule, the JCC held that Claimant had failed to "show good cause why [the amendment] was not raised timely" and had created prejudice for the Employer.

## Analysis

Resolution of whether Claimant's amendment was proper requires review of both the administrative rule just discussed, as well as the Uniform Statewide Pretrial Stipulation completed by the parties. In the latter, the parties agreed that: "Parties may amend pre-trial stipulation up to thirty (30) days prior to hearing without filing pleadings/motion for leave of court." We conclude that the stipulation controls the outcome in this case.

Stipulations are favored in the law. In *Marin v. Aaron's Rent To Own*, 53 So. 3d 1048, 1050 (Fla. 1st DCA 2010), this Court explained that "[t]he joint stipulation of the parties is binding on the JCC, and a finding by the JCC at variance with the stipulation will be overturned." A stipulation is overturned only when "fraud, overreaching, misrepresentation, withholding of the facts by an adversary, or some element as would render the agreement void" is demonstrated. *Howard Johnsons v. Pineda*, 560 So. 2d 336, 337 (Fla. 1st DCA 1990); *see also Delgado v. Agency for Health Care Admin.*, 237 So. 3d 432, 436 (Fla. 1st DCA 2018) (judge "should have abided by the express and stipulated expectation of the parties."). Here, the parties agreed that the pretrial stipulation could be unilaterally amended to include new claims or defenses if

3

done so more than thirty days prior to the final hearing. Claimant filed his supplement more than thirty days before the hearing. Accordingly, the JCC erred in precluding Claimant's amendment of the pretrial stipulation to include consideration of the waiver argument under section 440.20(4).

On remand, the JCC should make findings as to whether the Employer failed to deny the claim within 120 days of learning that the MCC of Claimant's condition may not be the workplace accident, as well as whether any of the Employer's arguments against application of the 120-day rule have merit.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.

MAKAR, OSTERHAUS, and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Michael J. Winer of Law Office of Michael J. Winer, P.A., Tampa, and Timothy R. Whitney of Morgan & Morgan, Tallahassee, for Appellant.

Christopher J. DuBois and Mary E. Cruickshank of DuBois & Cruickshank, Tallahassee, for Appellee.